ALICE CHASE, as Administratrix of the Estate of LELAND H. CHASE, Deceased, Appellant, *v.* THE NEW YORK CENTRAL RAILROAD COMPANY, Respondent.

*Negligence — railroads — collision with automobile at grade crossing — contributory negligence.*

*Chase* v. *N. Y. Central R. R. Co.*, 206 App. Div. 639, affirmed.
(Argued October 16, 1923; decided November 20, 1923.)

APPEAL from a judgment, entered March 16, 1923, upon an order of the Appellate Division of the Supreme Court in the third judicial department reversing a judgment in favor of plaintiff entered upon a verdict and directed a dismissal of the complaint in an action to recover for the death of plaintiff's intestate alleged to have been occasioned through the negligence of defendant. Intestate, while driving an automobile over a grade crossing between Gabriels and Rainbow stations on the Adirondack division of the defendant's railroad was struck by one of its trains and killed. The Appellate Division held that he was guilty of contributory negligence as matter of law.

*Francis Barry Cantwell* for appellant.

*Arthur E. McClary* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.

---

NIEHOFF-SCHULTZE GROCER COMPANY, Appellant, *v.* ALEXANDER J. GROSS et al., Copartners Doing Business as IGNATIUS GROSS COMPANY, Respondents.

*Contract — sale — action to recover back money paid for goods on ground they were not of kind or quality warranted — defense that goods were inspected and accepted when received.*

*Niehoff-Schultze Grocer Co.* v. *Gross*, 205 App. Div. 67, affirmed.
(Argued October 16, 1923; decided November 20, 1923.)

APPEAL from a judgment, entered April 20, 1923, upon an order of the Appellate Division of the Supreme Court in the first judicial department, reversing a judgment in

favor of plaintiff entered upon a verdict and directing a dismissal of the complaint. The action was to recover back the money paid for 400 bags of beans purchased from the defendants in April, 1917, which beans it was alleged were found upon inspection to be not of the quality or kind warranted by the defendants and not to conform with the United States Food and Drugs Act of June 30, 1906. Defendant contended that the goods were bought on a repeat order, received, inspected and accepted by the buyer on May 3, 1917, retained for more than five months in a hot warehouse without being subjected to analysis, and then finally analyzed and pronounced unfit for use.

*Nash Rockwood* for appellant.

*Abraham Tulin* for respondents.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.

---

JOHN J. RANDALL COMPANY, Appellant, *v.* FRANK WILLETTS, Defendant, and TOWN OF HEMPSTEAD, Respondent.

*Real property — title — ejectment — title to land in town of Hempstead — estoppel.*

Randall Co. v. *Willetts*, 204 App. Div. 841, affirmed.

(Submitted October 16, 1923; decided November 20, 1923.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered December 1, 1922, affirming a judgment in favor of defendant, respondent, entered upon a verdict. The action was in ejectment and involved about fifty-seven acres of meadow or marsh land situate in the town of Hempstead, Nassau county. Plaintiff in its complaint claimed ownership of the land in fee, and that the defendant Frank Willetts was in possession under a lease from the defendant town of Hempstead, and that the defendant town of Hempstead had exercised various acts