■ HELEN L. FORMAN, as Administratrix of the Estate of ROBERT J. FORMAN, Deceased, Appellant, v. CHARLES T. AZZARA, Respondent.—In an action to recover damages for the conscious pain and suffering of the plaintiff's intestate, Robert J. Forman, and for his wrongful death, based upon the defendant's alleged malpractice, the plaintiff administratrix appeals from a judgment of the Supreme Court, Nassau County, entered March 3, 1964 after trial, upon the verdict of a jury in defendant's favor, dismissing the complaint upon the merits. Judgment affirmed, without costs. In our opinion, the exclusion from evidence of the two questions and answers relating to the necessity for a biopsy in this case (mentioned in the dissenting opinion), did not constitute reversible error, despite the development that *McDermott* v. *Manhattan Eye, Ear & Throat Hosp.* (16 A D 2d 374), relied upon by the Trial Justice for such exclusion, was modified by the Court of Appeals (15 N Y 2d 20) while the instant appeal was still pending. In *McDermott,* the Court of Appeals stressed the factors that the plaintiff there: (a) had no expert witness of her own, and (b) had introduced no other medical proof to establish her claim of malpractice (15 N Y 2d, p. 24). As a result of the trial court's ruling which prevented plaintiff from eliciting expert opinion from the two physician defendants, "the plaintiff's case was barren of expert testimony tending to establish a deviation by the defendants from proper and approved medical practice and the trial court had no choice, at that point, but to dismiss her complaint" (*McDermott* v. *Manhattan Eye, Ear & Throat Hosp.,* 15 N Y 2d 20, 25, *supra*). Hence, in *McDermott* the exclusion of the expert evidence was of serious harm to the plaintiff, disenabling her from submitting her claim of malpractice to the jury. At bar, no such harm ensued, despite the court's exclusionary ruling. The instant plaintiff produced an expert medical witness, who testified at length that the decedent's condition indicated that a biopsy should have been performed upon the infected area of the instep of the right foot. This expert further testified that defendant had failed to pursue other procedures of approved medical practice. The defendant stated that he saw decedent as a patient only once. The defendant performed no biopsy and followed no other applicable medical procedure, because decedent, a resident of New Jersey where he was injured while at work, declined to accept the defendant's advice that a biopsy by wide excision be made in

a local hospital. Instead, the decedent stated that he would have the tests done by a physician near his work in New Jersey where he could make a compensation case out of his injury. Under the circumstances, the defendant stated that he merely administered "first aid" office treatment to decedent by cleaning the wound and applying a pressure dressing to prevent further bleeding. Here, the issue of defendant's alleged malpractice was actually submitted to the jury upon the claim that the defendant's failure *to conduct* a biopsy was evidence of his negligence. The jury's verdict in favor of defendant is tantamount to acceptance as a fact that defendant advised decedent of the need for hospitalization and biopsy, and that the decedent declined to follow such advice. So viewed, there was no issue as to *the necessity* for a biopsy; the exclusion of defendant's testimony that a biopsy constituted good practice and should have been performed touched no issue in the case; and such exclusion was therefore harmless error. In addition, had the excluded testimony been admitted, it would have been merely cumulative since plaintiff's expert did testify that defendant's malpractice consisted not only of omitting the biopsy but of other medical oversights as well. Where a plaintiff's proof does in fact include the opinions of experts, other than the defendant physician whose expert opinion was excluded, the mere reversal of the Appellate Division rule in the *McDermott* case establishes no error (*Diver* v. *Jewish Hosp. of Brooklyn,* 21 A D 2d 853, mot. for lv. to app. den. 15 N Y 2d 482). In *Diver,* the plaintiff had produced an expert of his own who did testify as to the claimed elements of malpractice; and there the reversal of *McDermott* was not deemed sufficient to require submission to the Court of Appeals of the claim that the exclusion of the defendant physician's expert proof constituted reviewable error. The Court of Appeals' decisions in both the *McDermott* and *Diver* cases were rendered on the same day (Nov. 25, 1964), but apparently some basic difference was found as between the case where a plaintiff succeeded in obtaining the admission of proof of malpractice without the defendant's testimony, and the case where no such proof was available. In any event, the exclusion of cumulative evidence is of no legal moment where the offering party already "had the benefit of those facts" (*Dupre* v. *Childs,* 52 App. Div. 306, 310, affd. 169 N. Y. 585; see, also, *Boyer* v. *Scripter,* 278 App. Div. 601; *Regan* v. *Bellows,* 11 A D 2d 586, 587). Apart from the foregoing, it may be noted that plaintiff's proof utterly failed to establish that decedent actually was suffering from melanoma on the date of his visit to defendant's office, and that if such affliction then existed it was curable. In that connection, by reason of plaintiff's failure to call the New Jersey physician, who commenced to treat the decedent within two days after the decedent's visit to the defendant, the jury was free to infer that cancer was not evident on the date of such visit and that the defendant had not overlooked an obvious condition. The coincidence that decedent died of cancer some two and one-half months after visiting defendant did not establish that he suffered from this disease on the date of his visit. The prior condition could not be proved by evidence of a subsequent one (*Niehoff-Schultze Grocer Co.* v. *Gross,* 205 App. Div. 67, 74, affd. 237 N. Y. 509; *MacRae* v. *Chelsea Fibre Mills,* 145 App. Div. 588, 591; *Hanna* v. *Stedman,* 230 N. Y. 326, 338). Christ, Rabin and Benjamin, JJ., concur; Beldock, P. J., and Hill, J., dissent and vote to reverse the judgment and to grant a new trial, with the following memorandum: On February 14, 1959 the defendant removed a scab from the decedent's right foot, but failed to submit the excised tissue for histological examination. Such examination would have revealed the presence of a malignant melanoma. During the trial plaintiff's counsel requested permission to read into evidence the following questions addressed to the defendant

and the following answers made by him in his pretrial examination: " Q. And isn't it a fact that the Nassau County Medical Society had suggested to surgeons that they perform biopsies in places where there is a questionable lesion? * * * A. Yes. Q. Do you feel that you should have conducted a biopsy in this case on February 14th, 1959? * * * A. Yes, sir." The request was refused. In our opinion, the proffered evidence should have been admitted (*McDermott* v. *Manhattan Eye, Ear & Throat Hosp.*, 15 N Y 2d 20, decided after the trial of the instant case). While it is true that there was other testimony by plaintiff's expert to the same effect, this did not have the force of the admissions by the defendant himself — admissions which may have been sufficient to persuade the jury to a contrary verdict.