■ In the Matter of DAVID S. DEARMYER, Respondent, v JOHN V. CLARK, as Personnel Commissioner of Erie County, et al., Appellants.—Judgment unanimously affirmed, with costs. Memorandum: In this article 78 proceeding in the nature of mandamus the administrative body held no hearing to ascertain the accuracy of employment records in its determination of his civil service status prior to petitioner's dismissal. A triable issue of fact was raised as to whether there was a rational basis for the adminis-

trative action in failing to certify petitioner in the appropriate competitive class of the civil service. A trial *de novo* was properly held by the court to review the propriety of respondents' determination (CPLR 7804, subd [h]; see, generally, Siegel, New York Practice, § 569; 8 Weinstein-Korn-Miller, par 7803.10). On appeal we review the the record in a light most favorable to sustain the trial court's judgment and should "not disturb the findings of the court as the trier of the facts unless its conclusion could not be reached under any fair interpretation of the evidence" *(McCall v Town of Middlebury,* 52 AD2d 736). The trial court's findings that petitioner's status as a jail guard could not have continued after April 25, 1974, that respondents were under legal obligation to change petitioner's employment status to court deputy on or before April 25, 1974, and that his employment records should have reflected his appointment to the position of court deputy prior to June 6, 1974 fairly interpret the evidence. The court properly directed that petitioner be reinstated with permanent civil service status. (Appeal from judgment of Erie Supreme Court—art 78.) Present—Dillon, P. J., Schnepp, Callahan, Witmer and Moule, JJ.