OPINION OF THE COURT
Thomas E. Mercure, J.
Petitioners have commenced this CPLR article 78 proceeding directing respondents to comply with General Municipal Law § 207-c.
Petitioner John Kwak is a duly appointed civil service correction officer holding the rank of lieutenant at the Schenectady County Jail. Correction Lieutenant Kwak alleges that he sustained injuries to his right leg while working in the Schenectady County Jail on February 6,1984. Lieutenant Kwak continued to work for some nine months before advising respondents that he was unable to work because of his injuries and requesting section 207-c benefits.
Petitioner Joan Iadicicco is a duly appointed civil service correction officer at the Schenectady County Jail. Correction *81 Officer Iadicicco alleges that on or about October 1, 1984, while engaged in the performance of her duties at the jail, she began to develop symptoms of burning, irritated eyes. At the time, the jail was under reconstruction. She alleges that she developed allergic conjunctivitis due to dust in the jail; that her symptoms subsided only when she stayed out of the jail for several days at a time and that she advised the dispatcher to mark her absent under section 207-c since her doctor advised her to stay out of the jail.
Petitioner Schenectady County Sheriff’s Benevolent Association is the duly certified representative of the above petitioners, as well as other correction officers and deputy sheriffs. The union has joined as a petitioner contending that it has a duty to do so, imposed by the Taylor Law, in representing its members.
Respondents contend that the County of Schenectady has granted section 207-c benefits to numerous county employees in the past; that such benefits were granted upon submission of documentation or an investigation that established a work-related injury or illness and the disability of the claimant; that the union does not have standing to bring this proceeding since any rights to section 207-c benefits belong to the individual correction officer and not the union as a whole; that there is no clear-cut, causal relationship between the incident referred to by Correction Lieutenant Kwak and his claimed disability; that Lieutenant Kwak has been requested to submit medical evidence that his disability is job related; that no such evidence has been submitted nor has a final determination been made as to his application for section 207-c benefits; that the statement of Officer Iadicicco’s doctor makes no reference to her inability to perform her duties; that Officer Iadicicco never complained to her superior or sought reassignment within the jail to an area free of dust; and that the county accordingly denied her claim.
The petition must be dismissed. To begin with, the union does not have standing to initiate this proceeding (see, e.g., Triborough Bridge & Tunnel Auth. Sergeants & Lieutenants Benevolent Assn. v Cawley, 76 Misc 2d 930; Matter of Donegan v Patterson, 4 Misc 2d 81). Moreover, petitioners’ attempted treatment of this proceeding as a class action is inappropriate since the petition itself demonstrates that the claims presented are dissimilar. The courts of this State are extremely reluctant to permit “class action” proceedings under CPLR article 78. They have done so only in cases in which the claims presented were the same (Matter of Delea v Board of Educ., 86 Misc 2d 988, affd 53 AD2d 613). The dissimilarity of the instant cases is evident; *82 in one instance additional medical information was requested before a final determination could be made, while in the other instance, the denial of benefits was based upon a determination of noncausality.
General Municipal Law § 207-c (1) provides, in part: “Provided, however, and notwithstanding the foregoing provisions of this section, the municipal health authorities or any physician appointed for the purpose by the municipality, after a determination has first been made that such injury or sickness was incurred during, or resulted from, such performance of duty, may attend any such injured or sick policeman, from time to time, for the purpose of providing medical, surgical or other treatment, or for making inspections” (emphasis mine).
Although not a model of legislative clarity, the statute does permit, if not require, the municipality to exercise its discretion in determining whether the alleged illness or injury was, in fact, causally connected to the claimant’s employment in the first instance. If it were otherwise, the municipality would be deprived of its right to deny fraudulent or questionable claims. The fact that the statute does not provide for a mechanism to recoup funds previously paid to covered employees who were later determined to be ineligible for such benefits underscores the legislative intent that a determination of eligibility be made prior to the payment of such statutory benefits. In this respect, a municipality exercises its judgment in relation to its statutory duty. The court in Matter of Hiscock Legal Aid Socy. v City of Syracuse (89 Misc 2d 394), held that mandamus was particularly inappropriate where relevant statutory duties involve the exercise of judgment and discretion.
Nor is the case at bar governed by the decisions of the Second Department in Matter of Hodella v Chief of Police of Town of Greenburgh (73 AD2d 967) or Matter of County of Suffolk v Novo (96 AD2d 902). In those cases, the affected employee had previously been granted section 207-c benefits and the municipality endeavored to discontinue payments. In this case, benefits have never been paid and no competent evidence of work-related disability has been presented. Petitioners have supplied no authority to support their position that an employee is entitled to automatic payment of section 207-c benefits upon a mere assertion by the employee that he or she has suffered a work-related disability and that the burden is on the municipality to conduct a hearing prior to discontinuance. The suggested comparison of section 207-c with section 207-a by petitioners fails to take into account that those statutes differ in one remarkable *83 aspect. Section 207-a does not contain the language: “[A]fter a determination has first been made that such injury or sickness was incurred during, or resulted from, such performance of duty”. The inclusion of such language in section 207-c (1) voids the application of decisional law under section 207-a to section 207-c cases.
For the guidance of the parties, the court suggests the following procedure: the employee would have the burden of first coming forward with acceptable medical evidence of a work-related disability before even being considered for section 207-c benefits. If the municipality agrees to the payment of benefits, it may not thereafter discontinue the payment of benefits without a hearing. If the municipality refuses to pay benefits, the employee may request an evidentiary hearing (see, Matter of Hodella v Chief of Police of Town of Greenburgh, supra). Upon either the denial of the payment of benefits after a hearing or the refusal of the municipality to conduct a hearing, there may be review under article 78. In the latter case, the issue will be whether the initial proof of disability was sufficient to entitle the employee to a hearing.
Upon all of the above, the petition is dismissed.