■ In the Matter of JOSEPH BRUNO, Appellant, v CITY OF POUGHKEEPSIE, Respondent.—In an action, *inter alia,* to recover damages for the wrongful termination of salary and benefits pursuant to General Municipal Law § 207-c, the plaintiff appeals, as limited by his brief, from so much of an order

of the Supreme Court, Dutchess County (Benson, J.), dated July 26, 1984, as, upon a stipulated set of facts, dismissed the plaintiff's cause of action to recover damages for the wrongful termination of salary and benefits.

Order affirmed insofar as appealed from, with costs.

We agree with the findings of the court that the plaintiff has failed to show that his application for retirement was involuntary because it was caused by economic duress. Although the plaintiff may not have been able to afford a gap in benefits between the time he was receiving benefits pursuant to General Municipal Law § 207-c and the time he would begin to receive disability retirement benefits, "[f]inancial pressures, even in the context of unequal bargaining power, do not constitute economic duress" *(Grubel v Union Mut. Life Ins. Co.,* 54 AD2d 686). We do not find the facts of this case to be sufficient to constitute an involuntary retirement. Since the plaintiff voluntarily retired, he was no longer entitled to further payment of his full salary *(see,* General Municipal Law § 207-c [5]). Therefore, the plaintiff's employment was not wrongfully terminated by the City of Poughkeepsie. Gibbons, J. P., Brown, Weinstein and Kooper, JJ., concur.