■ In the Matter of SCHENECTADY COUNTY SHERIFF'S BENEVOLENT ASSOCIATION et al., Appellants, v ROBERT D. McEVOY, as County Manager of the County of Schenectady, et al., Respondents.—Yesawich, Jr., J.

Petitioners Joan Iadicicco and John Kwak, employed by Schenectady County, alleged that they suffered disabling injuries during the course of their employment and applied for benefits pursuant to General Municipal Law § 207-c. Kwak maintains that he suffered a leg injury on February 6, 1984 when a chair he had been using collapsed. Iadicicco alleges that she developed allergic conjunctivitis during reconstruction of the county jail.

Neither employee has received benefits pursuant to General Municipal Law § 207-c. Respondents withheld payment to Kwak because he failed to submit medical proof evidencing a causal relationship between the incident of February 6, 1984 and his claimed disability. Iadicicco, on the other hand, was denied benefits because the physician's statement submitted in support of her application did not declare that she was disabled and unable to perform her duties or that she should not return to work at the jail. Respondents' determinations were made unilaterally. Thereafter, Iadicicco, Kwak and their union, petitioner Schenectady County Sheriff's Benevolent Association, commenced a CPLR article 78 proceeding on behalf of themselves and all similarly situated employees to compel compliance with General Municipal Law § 207-c. They contend that a municipality cannot unilaterally refuse to pay these benefits, and that before doing so an adversarial hearing must first be held. Special Term dismissed the petition and this appeal ensued.

In urging that a hearing is required, petitioners analogize to judicial interpretations of General Municipal Law § 207-c which make the conduct of adversarial hearings an indispensable precondition for the discontinuance of vested benefits (see, Matter of Hodella v Chief of Police, 73 AD2d 967, lv denied 49 NY2d 708). As neither Iadicicco nor Kwak possessed more than a mere expectation of these benefits, procedural safeguards associated with terminating a vested property interest need not have been observed. And because General Municipal Law §§ 207-a and 207-c are markedly distinguishable, decisions construing section 207-a are not controlling. Unlike

General Municipal Law § 207-a, General Municipal Law § 207-c (1) specifically invests municipalities with discretion to determine employee eligibility for benefits in the first instance.

Given the discretionary authority inhering in the municipality, the question that petitioners' appeal presents is whether respondents employed reasonable measures in initially determining the employees' eligibility status. We believe so. Neither employee offered medical proof establishing both a work-related injury and disability. Accordingly, neither made out a prima facie case for benefits under General Municipal Law § 207-c and an adversarial hearing was not required.

Nor is there merit to the union's contention that Special Term erred in concluding that the union did not have standing and that a class action was an improper procedural device with which to litigate the claims herein. It is possible for a union to have standing to sue despite the absence of "personal aggrievement where the matter is one of general public interest" *(Police Conference of N. Y. v Municipal Police Training Council,* 62 AD2d 416, 417). Such a matter has been described as being one of great public concern where granting the relief requested would benefit the public at large *(id.).* The instant claims obviously do not satisfy this test for they seek only to vindicate a personal right, payment of benefits under General Municipal Law § 207-c to Iadicicco and Kwak. Since the claims involved are of an individual nature, lacking in similarity, class-action status was clearly inappropriate.

Judgment affirmed, without costs. Mahoney, P. J., Casey, Weiss, Yesawich, Jr., and Levine, JJ., concur. *[See,* 128 Misc 2d 80.]