■ In the Matter of THOMAS L. KIRLEY, SR., Respondent, v DEPARTMENT OF FIRE, CITY OF ONEIDA, et al., Appellants.— Mahoney, P. J. Appeal from a judgment of the Supreme Court (Lee, Jr., J.), entered January 5, 1987 in Madison County, which granted petitioner's application in a proceeding pursuant to CPLR article 78, to compel respondents to award petitioner full disability benefits pursuant to General Municipal Law § 207-a.

On April 10, 1981, petitioner, a firefighter for the City of Oneida, Madison County, was injured when he fell from a firetruck he was cleaning. In addition to hurting his leg and hip, petitioner described another injury: "I had extreme feeling of pain that shot down from my ear, down my neck into my shoulder, down my arms into my fingertips." Petitioner was treated in the emergency room of Oneida City Hospital and advised to see an orthopedic surgeon. Petitioner visited Dr. Joseph Pierz on April 13, 1981. Pierz X-rayed petitioner's spine and discovered "pre-existing degenerative arthritis", a weakness in petitioner's disks. Petitioner returned to Pierz one week later with improved symptoms and Pierz gave him permission to return to work.

In November 1981, petitioner saw Dr. Edward Gaffney. Between the accident in April 1981 and the November 1981 examination, petitioner continued to experience "nagging neck pains". Petitioner informed Gaffney of these pains, symptoms which Gaffney had never previously heard from defendant during their 12-year doctor-patient relationship. The pain in petitioner's neck and arms progressively increased from 1982 through 1984 despite Gaffney's treatments.

In May 1985, while trying to load a lawn tractor onto a truck, petitioner injured his neck again, an off-duty incident. When petitioner's neck pain got worse, Dr. James Brod, Pierz's medical partner, had petitioner admitted to Oneida City Hospital on August 5, 1985, where petitioner spent 10 days in traction. When petitioner failed to respond to conservative treatment, he was transferred to Upstate Medical Center in Syracuse and came under the care of Dr. Hansen Yuan, an internationally recognized spinal surgeon. After taking a medical history and conducting some tests, Yuan concluded that petitioner had a ruptured disk. Yuan operated on petitioner and repaired the disk. Since the surgery, all parties agree that petitioner is disabled from working as a firefighter.

The City of Oneida hired Dr. George I. Baker to review records from Oneida City Hospital, Pierz, Gaffney, Yuan and Brod, and to examine petitioner. Baker concluded that petitioner had a preexisting degenerative condition in his neck and, further, that the April 1981 fall did not contribute to that condition. On the basis of Baker's report, the city removed petitioner from its payroll, effective October 30, 1986, and denied petitioner benefits provided by General Municipal Law § 207-a. Petitioner had received full pay since becoming disabled in 1985.

Petitioner brought this CPLR article 78 proceeding alleging that the 1981 on-duty accident was the cause of his disabling injuries and seeking a judgment directing respondents to pay him the benefits provided by General Municipal Law § 207-a. Respondents' answer, while admitting that petitioner fell while on duty, claimed that any disability was due to the 1985 lawn mower accident. Supreme Court held a hearing without a jury on December 5, 1986.

Respondents called Baker who testified that the 1981 accident was totally unrelated to petitioner's neck injury, it being his position that petitioner's disablement was solely the result of the 1985 lawn mower accident. Petitioner called Pierz, Gaffney and Yuan to testify. Their cumulative testimony stated that the 1981 fall caused petitioner's disabling injuries. Petitioner did not dispute that he had a degenerative spinal disease prior to April 1981 but, through Yuan's testimony, he argued that it was not the cause of the ruptured disk. Supreme Court concluded that petitioner's fall in April 1981 during the course of his employment caused the ruptured disk and, accordingly, that petitioner was entitled to a judgment for the relief sought. This appeal by respondents ensued.

Respondents' first contention is that Supreme Court improperly conducted a hearing de novo to decide petitioner's eligibility for benefits provided by General Municipal Law § 207-a. Citing *King v City of Newburgh* (84 AD2d 388), respondents argue that it is for the municipality alone to first make the determination as to whether a claimant has been injured and disabled from performing his regular duties and thereby entitled to section 207-a benefits. If the injured city employee disagrees with the employer's determination, the remedy is review pursuant to CPLR 7803 (3) or (4). Thus, respondents argue that Supreme Court's trial de novo was error. We disagree.

General Municipal Law § 207-a starts with the assumption that the firefighter has already been found eligible for section 207-a benefits. The first sentence of that section reads: "Any paid fireman which term as used in this section shall mean any paid officer * * * who is injured in the performance of his duties" (General Municipal Law § 207-a [1]). Thus, when the section later refers to "any such injured or sick fireman", it presupposes a finding of eligibility *(see, Matter of Klonowski v Department of Fire*, 58 NY2d 398, 405-406). In contrast, General Municipal Law § 207-c specifically intends the employer to determine eligibility of injured police officers. This court in *Matter of Schenectady County Sheriff's Benevolent Assn. v McEvoy* (124 AD2d 911) specifically stated that "General Municipal Law §§ 207-a and 207-c are markedly distinguishable * * * Unlike General Municipal Law § 207-a, General Municipal Law § 207-c (1) specifically invests municipalities with discretion to determine employee eligibility" *(supra,* at 911-912). Therefore, in our view, interpreting General Municipal Law § 207-a (1) to require the employer to be the primary arbiter of eligibility is not supported by the statute's language. Accordingly, we conclude that *King v City of Newburgh (supra)* does not control.

In our view, a more appropriate precedent is *Matter of Dearmyer v Clark* (71 AD2d 807). There, as here, the petitioner received an adverse decision from the respondents concerning his employment status without the benefit of a hearing. Supreme Court, finding that a triable issue of fact existed as to whether a rational basis supported the administrative action, held a trial de novo to resolve the dispute. The Fourth Department approved of this procedure, stating, "A trial *de novo* was properly held by the court to review the propriety of respondents' determination" *(supra,* at 808; *see,* CPLR 7804 [h]).

Here, respondents denied benefits under General Municipal Law § 207-a without a hearing on the basis of Baker's report. Supreme Court decided that a triable issue of fact existed as to the cause of petitioner's injury and held a trial de novo. We hold that Supreme Court's act in holding a trial de novo did not usurp any power allegedly conferred upon respondents to decide eligibility in the first instance (see, Matter of Geremski v Department of Fire, 72 Misc 2d 166, affd 42 AD2d 1050). Accordingly, since respondents did not give petitioner the chance to present his evidence at a hearing, we hold that Supreme Court's trial was not error.

Next, since this case turned on expert testimony, we cannot fault Supreme Court's reliance on the testimony of Yuan, an internationally recognized spinal surgeon, in reaching the conclusion that the April 1981 accident was the cause of petitioner's disabling injury and, therefore, that petitioner was eligible for section 207-a benefits (see, McCall v Town of Middlebury, 52 AD2d 736).

Finally, we hold that Supreme Court did not err in denying admission of Baker's written report into evidence. Supreme Court explained that Baker's report was attached to respondents' answer and that he had read the report and was familiar with its content. Further, Baker testified extensively from his own written report. Accordingly, respondents were unable to show the prejudice necessary for exclusion of the report (see, Forman v Azzara, 23 AD2d 793, affd 16 NY2d 955).

Judgment affirmed, with costs. Mahoney, P. J., Kane, Casey, Weiss and Mercure, JJ., concur.