[608 NYS2d 723]

In the Matter of SCHENECTADY POLICE BENEVOLENT ASSOCIA-TION, Appellant, v NEW YORK STATE PUBLIC EMPLOYMENT RELATIONS BOARD et al., Respondents. (Proceeding No. 1.)

In the Matter of CITY OF SCHENECTADY, Respondent, v NEW YORK STATE PUBLIC EMPLOYMENT RELATIONS BOARD, Respondent, and SCHENECTADY POLICE BENEVOLENT ASSOCIA-TION, Appellant. (Proceeding No. 2.)

Third Department, March 10, 1994

172

APPEARANCES OF COUNSEL

*Grasso & Grasso,* Schenectady *(Kathleen R. DeCataldo* of counsel), for appellant.

*Ernest F. Hart,* Albany *(David P. Quinn* of counsel), for New York State Public Employment Relations Board, respondent.

*Roemer & Featherstonhaugh, P. C.,* Albany *(John Toy* and *Elayne G. Gold* of counsel), for City of Schenectady, respondent.

## OPINION OF THE COURT

YESAWICH JR., J.

In April 1990, the Schenectady Police Benevolent Association (hereinafter PBA) filed an improper practice charge with the Public Employment Relations Board (hereinafter PERB),

alleging that the City of Schenectady had improperly instituted new rules and procedures relating to qualification for benefits under General Municipal Law § 207-c. The City answered and, after a hearing, an Administrative Law Judge (hereinafter ALJ) found that two of the prerequisites imposed by the City for receipt of benefits for line-of-duty disability (i.e., that an officer who is capable of performing light duty report for such duty if it is offered, and that he or she submit to surgery if, in the opinion of the City's physician, it is recommended to alleviate the disability) were not subject to mandatory collective bargaining, but that other requirements implemented by the City (i.e., that a disabled officer provide verification of injury, submit to a medical examination upon return to duty, obtain authorization by the City's doctor for surgery recommended by the officer's physician, and sign a medical confidentiality waiver) were subject to mandatory bargaining. Both the PBA and the City filed exceptions to the ALJ's findings and PERB affirmed the ALJ's decision, concluding that the detailed scheme that the Legislature adopted governing the furnishing of these benefits (see, General Municipal Law § 207-c) manifested its intent to exempt the light duty and submission to surgery requirements from the purview of compulsory negotiation.

The PBA thereafter commenced proceeding No. 1, seeking to annul PERB's determination with regard to these two matters, and the City instituted proceeding No. 2, seeking to annul PERB's affirmation of the ALJ's holding that the other rules and procedures are mandatorily negotiable and must be rescinded. The two proceedings were joined for disposition.

Supreme Court confirmed PERB's determination, except with respect to the medical confidentiality waiver. As for the waiver, the court reasoned that the public employer's receipt of a report from its examining physician concerning the injured officer's condition is essential to enable the employer to make the determinations explicitly authorized by General Municipal Law § 207-c, and that the City's right to receive such reports, and to require that a medical confidentiality waiver be signed, is therefore inherent in the statute. The court, accordingly, annulled PERB's determination that the confidentiality waiver requirement is subject to mandatory bargaining. The PBA appeals this aspect of Supreme Court's judgment, as well as those portions which confirmed the determinations with regard to the performance of light duty

and submission to surgery, arguing that all three of these topics should be subject to mandatory bargaining.

This case primarily involves the interpretation of General Municipal Law § 207-c and the legislative purpose underlying it, matters as to which PERB's determination need not be accorded any special deference *(see, Matter of Rosen v Public Empl. Relations Bd.,* 72 NY2d 42, 47-48). The parties acknowledge that, although the Taylor Law (Civil Service Law § 200 *et seq.)* compels bargaining with regard to the terms and conditions of employment, this mandate can be circumscribed by other statutes if the legislative intent to do so is " 'plain and clear' [citation omitted] or 'inescapably implicit' in the statute" *(Matter of Webster Cent. School Dist. v Public Empl. Relations Bd.,* 75 NY2d 619, 627). At issue here is whether the provisions of General Municipal Law § 207-c reflect such an intention.

■ We agree with Supreme Court that they do. Considered as a whole, General Municipal Law § 207-c evinces a legislative intent to balance a police officer's right to receive full salary and certain benefits, while disabled due to an injury incurred in the line of duty, with certain rights of the employer, including the right to have the employee submit to medical and surgical treatment, and to obligate injured officers to perform light duty if able. The legislative history of this section suggests that this balance was crucial to the passage of the law; the Governor's approval memorandum indicates that this bill was approved specifically because it contained several provisions—including the requirement that injured officers accept light duty—which were precisely tailored to address problems that surfaced in the implementation of a similar provision covering firefighters.

By expressly authorizing an employer to discontinue paying benefits in the event the recipient refuses medical treatment or light duty, the Legislature invested municipalities with the power to place these particular limitations on the receipt of benefits, and hence to remove them from the reach of mandatory bargaining *(see, Matter of Board of Educ. v New York State Pub. Empl. Relations Bd.,* 75 NY2d 660, 669). Like the statutory scheme addressed in *Matter of Webster Cent. School Dist. v Public Empl. Relations Bd. (supra),* which was found to support an inference of legislative intent to preempt mandatory collective bargaining, General Municipal Law § 207-c also outlines a comprehensive and integrated package of rights and obligations, embodying protections for both employers and

employees. Although the PBA argues that the Legislature could not have had this aim in mind when it passed section 207-c in 1961, well before enactment of the Taylor Law, it is not the time of enactment that is critical, but whether mandatory bargaining would thwart the legislative scheme; here, it obviously would.

Turning to the requirement that an injured officer must execute a medical confidentiality waiver, a matter which PERB found to be a subject of mandatory negotiation but which Supreme Court held is inherently authorized by the other provisions of General Municipal Law § 207-c, we begin by noting that the statute explicitly authorizes the municipality to cease paying benefits if its physician certifies that the disability is at an end, if the officer refuses treatment, or if the officer is found by the municipal physician to be capable of light duty yet refuses such duty when it is offered. Exercise of these rights would be impossible if the physician were unable to report to the municipality his opinion, and the findings giving rise to it, as to (1) whether the officer remains disabled, (2) whether he or she is capable of light duty, and if so what type, and (3) whether treatment or inspection has been refused.

For this reason, we agree with Supreme Court that General Municipal Law § 207-c necessarily implies that the employer is entitled to a waiver, and that to allow mandatory negotiation of this item would thwart the statute's intent. We are of the view, however, that the municipality only has the right to obtain information which is absolutely necessary to implementation of the statutory provisions; a municipal employer cannot require that an officer consent to any disclosure beyond the narrow scope previously noted, nor may it constrain the officer to authorize a transfer of information from his or her treating physicians for the purpose of aiding the municipality's physician in diagnosis or treatment; the municipality's ability to compel this more extensive disclosure is a matter for collective bargaining.

CARDONA, P. J., MERCURE, CASEY and WEISS, JJ., concur.

Ordered that the order is modified, on the law, without costs, by adding a provision that the medical confidentiality waiver form is subject to mandatory collective bargaining

insofar as it allows for the release of information other than that relating to whether the disabled officer remains disabled, whether the officer is capable of light duty, and, if so, the type of light duty, and whether treatment or inspection was refused, and, as so modified, affirmed.