[613 NYS2d 492]

In the Matter of PHILIP DE POALO, Respondent, v COUNTY OF SCHENECTADY et al., Appellants. (Proceeding No. 1.)

In the Matter of ALFRED GREENEWALD, Respondent, v COUNTY OF SCHENECTADY et al., Appellants. (Proceeding No. 2.)

Third Department, June 16, 1994

APPEARANCES OF COUNSEL

*Roemer & Featherstonhaugh, P. C.,* Albany *(James W. Roemer, Jr.* and *Maureen Seidel* of counsel), for appellants.

*Joseph P. McGovern,* Albany, for respondents.

**OPINION OF THE COURT**

MERCURE, J.

The petitioner in each of these proceedings is a correction officer employed by respondent County of Schenectady who filed an application for benefits pursuant to General Municipal Law § 207-c as the result of an alleged illness incurred in the course of his employment. Petitioner Philip De Poalo suffered chest pain on November 20, 1991 and was hospitalized for approximately five days. He supported his application for benefits with a letter from his personal physician indicating that De Poalo suffered from unstable angina pectoris and an occluded right coronary artery. De Poalo's preexisting arteriosclerotic heart disease was stated to be the underlying cause, but the physician opined that job-related stress "aggravated [De Poalo's] pre-existing disease and was casually *[sic]* related to his admission to the hospital". After reviewing the medical records in connection with De Poalo's hospitalization, the County withheld determination of the application pending a further medical examination. Upon De Poalo's refusal to attend the examination, his application was denied on the basis of insufficient medical evidence to support a finding that he was taken ill as a result of the performance of his duties.

Petitioner Alfred Greenewald suffered chest pains on March 20, 1992. After brief observation at a hospital emergency room, he was sent home. Greenewald filed an application for General Municipal Law § 207-c benefits on March 23, 1992. On April 1 and 2, 1992, he had tests performed at the direction of his personal physician, including an upper GI series that disclosed the existence of a hiatal hernia. Citing the inadequacy of medical evidence, respondents denied Greenewald's

application and charged him with two days of sick leave for the absence necessitated by the testing.

In these CPLR article 78 proceedings, petitioners challenge respondents' respective determinations, De Poalo contending that the County had no right to require a medical examination without first determining that he was entitled to benefits under General Municipal Law § 207-c* and Greenewald attacking as arbitrary and capricious the determination that he was not entitled to benefits. Supreme Court granted each petition and respondents now appeal.

Because we conclude that the petitions in each of the proceedings should have been dismissed, we reverse both of the judgments appealed from. We agree with respondents that an applicant for benefits under General Municipal Law § 207-c must establish both a disability and a causal connection between the injury or illness and the performance of the applicant's work duties, and that the applicant may be directed to submit to a predetermination examination to resolve uncertainty concerning either element. We reject the distinction drawn by De Poalo between examinations intended to determine whether the applicant is physically or mentally disabled, which he concedes may be required prior to a determination of eligibility, and those intended to determine whether the applicant's disability is job related, which he asserts may not be required. In a proper case, as here, the issue of causation may well turn on medical analysis. In De Poalo's case, the medical records indicate that his "possible coronary artery disease and angina" were the result of "his history of hypertriglyceridemia, overweight, and * * * poorly controlled diabetes, along with [a] family history of heart disease". In contrast, there was no evidence to support the conclusory opinion of De Poalo's personal physician, which appeared to be tailored to satisfy the statutory criteria. In the case of Greenewald, the record is devoid of medical evidence to support a finding of causation. We reject the contention that the mere onset of symptoms during working hours mandates a finding that the applicant was taken sick as a result of the performance of his duties.

---

* De Poalo relies upon the provision of General Municipal Law § 207-c (1) that: "the municipal * * * health authorities or any physician appointed for the purpose by the municipality * * * *after a determination has first been made that such injury or sickness was incurred during, or resulted from, such performance of duty,* may attend any such injured or sick policeman, from time to time, for the purpose of providing medical, surgical or other treatment, *or for making inspections"* (emphasis supplied).

General Municipal Law § 207-c vests "municipalities with discretion to determine employee eligibility for benefits in the *first instance" (Matter of Schenectady County Sheriff's Benevolent Assn. v McEvoy,* 124 AD2d 911, 912 [emphasis supplied]; *see, Matter of Kirley v Department of Fire,* 138 AD2d 842, 844) and this Court has recently stated that the statute "evinces a legislative intent to balance [an employee's] right to receive full salary and certain benefits * * * with certain rights of the employer, including the right to have the employee submit to medical * * * treatment" *(Matter of Schenectady Police Benevolent Assn. v New York State Pub. Empl. Relations Bd.,* 196 AD2d 171, 174; *see,* Mem of Assn of Towns, Bill Jacket, L 1961, ch 920 ["Provision is made for the determination by a physician named by the municipality as to the injuries or sickness and nature"]). Were we to accept petitioners' interpretation of the statutory language and hold that a municipality may not require an applicant to submit evidence of causal relationship, "the municipality would be deprived of its right to deny fraudulent or questionable claims" *(Matter of Schenectady County Sheriff's Benevolent Assn. v McEvoy,* 128 Misc 2d 80, 82, *affd* 124 AD2d 911, *supra).* "The fact that the statute does not provide for a mechanism to recoup funds previously paid to covered employees who were later determined to be ineligible for such benefits underscores the legislative intent that a determination of eligibility be made prior to the payment of such statutory benefits" *(supra,* at 82; *see, Matter of Crawford v Sheriff's Dept.,* 152 AD2d 382, 386-387, *lv denied* 76 NY2d 704).

CARDONA, P. J., MIKOLL, CASEY and WEISS, JJ., concur.

Ordered that the judgments are reversed, on the law, without costs, determinations confirmed and petitions dismissed.