■ In the Matter of JOHN T. HAMILTON, JR., Respondent, v CITY OF SCHENECTADY et al., Appellants. [620 NYS2d · 861] —Mercure, J. Appeal from a judgment of the Supreme Court (Lynch, J.), entered December 30, 1993 in Schenectady County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent City of Schenectady denying petitioner benefits pursuant to General Municipal Law § 207-c.

Petitioner was employed by respondent City of Schenectady as a police officer on August 28, 1986. It is undisputed that petitioner suffers from spondylolisthesis, a congenital condition that causes a predisposition to injuries in the L5-S1 level of the spine. Petitioner sustained a back injury in 1979 and in 1984 underwent a lumbosacral spinal fusion between the transverse processes of the L5 vertebra and the sacrum. Following a repeat spinal fusion performed in May 1985, petitioner was fully recovered, with no medical restrictions on his activities. At the time petitioner was hired by the City in 1986, he was examined and medically cleared for employment as a police officer, with no restrictions on his activities.

Petitioner had no further problems until May 10, 1987 when he was involved in an on-duty vehicular accident, resulting in injuries, among others, to his lower back. Petitioner thereafter began experiencing low back pain radiating down his left leg. On January 14, 1988, he was diagnosed as having a herniated disc at L4-L5. On July 5, 1988, the Workers' Compensation Board made a finding of accident, notice and causal relationship with regard to injury to petitioner's back resulting from the May 10, 1987 accident. Petitioner reinjured his back as the result of line-of-duty incidents on October 12, 1990 and April 25, 1992. In July 1992, petitioner's condition had deteriorated to the point where he was unable to work, and an August 31, 1992 report of petitioner's treating orthopedist indicated that petitioner was disabled as a result of the May 10, 1987 accident and subsequent reinjuries at work. Petitioner returned to work on October 12, 1992 and performed his duties until March 13, 1993, when increasing pain caused him to call in for leave from his duties. It is undisputed that petitioner has been disabled since March 13, 1993.

Although the City had paid all expenses attributable to the diagnosis and treatment of petitioner's back problems following the May 10, 1987 accident, and records generated by the City indicated that petitioner was on General Municipal Law § 207-c disability, on April 6, 1993 the City advised petitioner of its position that his current disability had its origin in the back injury and surgeries that predated his employment with the City and that General Municipal Law § 207-c benefits would not be paid. Consistent with that position, the City has objected to payment of bills for medical services rendered since March 13, 1993 upon the ground that the treatment was for a condition unrelated to petitioner's employment. Alleging that the City could not terminate his General Municipal Law § 207-c benefits without a due process hearing, petitioner brought this CPLR article 78 proceeding, inter alia, to challenge respondents' termination of his benefits as arbitrary, capricious and an abuse of discretion. Supreme Court granted the petition and respondents now appeal.

We affirm. Implicit in the argument advanced by respondents is the wholly unwarranted position that, no matter how compelling an employee's showing that his disability arises out of injuries sustained in the performance of his duties, so long as there exists any medical opinion that the disability ultimately derives from a cause predating the employment, the employer may unilaterally and summarily deny or discontinue General Municipal Law § 207-c benefits. In *Matter of De Poalo v County of Schenectady* (200 AD2d 277, *lv granted* 84 NY2d 808), relied upon by respondents as the primary basis for this posture, we merely authorized the summary rejection of an initial application for General Municipal Law § 207-c benefits in the absence of any competent evidence of a causal relationship between the disability and an injury or illness sustained in or as the result of the performance of the employee's duties *(see, Matter of Schenectady County Sheriff's Benevolent Assn. v McEvoy,* 124 AD2d 911). In direct contrast, here there is abundant and persuasive evidence of such a causal relationship. Further, we agree with Supreme Court's conclusion that the City paid General Municipal Law § 207-c benefits on account of petitioner's May 10, 1987 accident and that, as a consequence, its April 6, 1993 action constituted not a rejection of an initial application for benefits but a unilateral cessation of existing benefits without the benefit of a hearing *(see, Matter of Crawford v Sheriff's Dept.,* 152 AD2d 382, 387, *lv denied* 76 NY2d 704). Respondents' conflicting declarations that benefits previously paid to petitioner consti-

tuted "sick leave", as alleged by Assistant Police Chief Michael Moffett, or a voluntary payment of "100% benefits" that the City gratuitously extends to employees receiving workers' compensation benefits, as asserted by the City's workers' compensation claims investigator, are directly contradicted by business records generated by the City and are viewed by us as disingenuous.

Mikoll, J. P., Crew III, White and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, with costs.