■ In the Matter of MICHAEL MEYERS, Appellant, v THOMAS J. LOUGHREN, as Sheriff of Chenango County, et al., Respondents. [644 NYS2d 433] —Cardona, P. J.

Petitioner became a member of the Chenango County Sheriff's Department on January 1, 1978. Prior to this employment, as a result of his military service in the Vietnam War, petitioner was diagnosed with posttraumatic stress disorder (hereinafter PTSD). On March 24 1994, he filed applications seeking "ordinary disability" retirement benefits (Retirement and Social Security Law art 14) and "article 15 disability" retirement benefits (Retirement and Social Security Law art 15) with the New York State and Local Employees' Retirement System. The applications were approved on December 8, 1994 and March 17, 1995, respectively. The effective date of his retirement was June 29, 1994.

Meanwhile, by letter dated May 25, 1994, petitioner requested benefits pursuant to General Municipal Law § 207-c. The request was supported by, inter alia, a physician's report opining that petitioner's employment as a Deputy Sheriff exacerbated his preexisting PTSD condition and concluded that he was totally disabled. On November 1, 1994, respondent Sheriff of Chenango County denied the request on the ground that petitioner's condition did not arise out of the performance of his duties. Petitioner sought a hearing to determine his eligibility for benefits. Upon being notified that petitioner's applications for disability retirement benefits had been granted, petitioner was informed that no further action would be taken on his General Municipal Law § 207-c claim. Petitioner commenced this proceeding seeking to compel respondents to conduct a hearing to determine his eligibility for General Municipal Law § 207-c benefits. Supreme Court determined that, by filing and accepting disability retirement benefits, petitioner voluntarily retired and, as a result, became ineligible to receive benefits under General Municipal Law § 207-c. The court concluded that petitioner's remaining arguments were moot and, accordingly, dismissed the petition. Petitioner appeals.

We affirm. General Municipal Law § 207-c (1) provides in

pertinent part that a Deputy Sheriff "who is injured in the performance of his duties or who is taken sick as a result of the performance of his duties * * * shall be paid * * * the full amount of his regular salary or wages from [his] employer until his disability arising therefrom has ceased". Petitioner contends that the receipt of disability retirement benefits does not preclude his right to receive benefits under General Municipal Law § 207-c. We disagree.

In our view, by filing an application for disability retirement benefits, petitioner chose to retire and upon the granting of such benefits, was no longer entitled to payment of his full salary (see, Matter of Bruno v City of Poughkeepsie, 121 AD2d 629, lv denied 69 NY2d 602; see also, Matter of Faughnañ v City of Binghamton, 71 AD2d 235). Petitioner's contention that he was forced to retire because of his medical condition and that, therefore, he did not "voluntarily" retire is without merit. The fact that petitioner sought and was awarded disability retirement benefits does not, in and of itself, render his retirement involuntary. Something more is required to warrant a claim of involuntariness. We agree with Supreme Court that there is no evidence that respondents did anything to influence petitioner's retirement, nor does petitioner contend that the decision to seek retirement benefits was made under duress or coercion (cf., Matter of Bruno v City of Poughkeepsie, supra). It was petitioner's own action in applying for and receiving disability retirement benefits that precluded his right to obtain benefits under General Municipal Law § 207-c.

We also agree with respondents that, under the circumstances of this case, petitioner is not entitled to a hearing. The purpose of a hearing would be to establish both a disability and a causal connection between the injury or illness and the performance of the employee's duties (see generally, Matter of De Poalo v County of Schenectady, 200 AD2d 277, affd 85 NY2d 527). Where, as here, the reasons for denial of benefits under General Municipal Law § 207-c are separate and apart from the question of causation, no hearing is required (cf., Matter of Hamilton v City of Schenectady, 210 AD2d 843). Petitioner's remaining arguments have been considered and rejected as unpersuasive.

Mikoll, Crew III, Casey and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.