■ In the Matter of the Arbitration between WILLIAM W. BARNES, as Sheriff of the County of Schenectady, Respondent, and COUNCIL 82, AFSCME, on Behalf of CHRISTOPHER O'CONNOR, et al., Appellant. [652 NYS2d 650] —Casey, J. Appeal from an order of the Supreme Court (Lynch, J.), entered October 30, 1995 in Schenectady County, which granted petitioner's application pursuant to CPLR 7503 to stay arbitration between the parties.

Petitioner's denial of an employee's application for disability benefits pursuant to General Municipal Law § 207-c falls within the discretionary authority vested exclusively within municipalities by the statute (see, Matter of De Poalo v County of Schenectady, 200 AD2d 277, 280, affd 85 NY2d 527; Matter of Schenectady County Sheriff's Benevolent Assn. v McEvoy, 124 AD2d 911, 912). Inasmuch as the denial of benefits involves petitioner's application and/or interpretation of General Municipal Law § 207-c, it is not premised upon a provision of the collective bargaining agreement (see, Matter of County of Dutchess [Bridgman], 144 AD2d 463, lv denied 75 NY2d 701). The mere fact that the collective bargaining agreement specifically recognizes the employees' rights to the benefits provided by the statute does not, in our view, convert petitioner's determination from one of statutory application and/or interpretation to one of contractual application and/or interpretation. In the absence of a specific agreement between the parties evidencing an intent to arbitrate such claims, petitioner's application to stay arbitration was properly granted (see, id.).

Mikoll, J. P., Crew III, White and Peters, JJ., concur. Ordered that the order is affirmed, with costs.