In the Matter of Lemuel A. Davis, Appellant, v County of Westchester et al., Respondents. [840 NYS2d 211]—

Lahtinen, J. Appeal from a judgment of the Supreme Court (Lamont, J.), entered September 14, 2006 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motions to dismiss the petition.

Petitioner commenced employment as a correction officer for respondent County of Westchester in November 1990. He reportedly injured his back at work in May 1993 when he tripped on the leg of a desk. Thereafter, he did not return to work, but he continued receiving full pay and benefits pursuant to General Municipal Law § 207-c (1). In February 2004, the County submitted an application on behalf of petitioner to respondent New York State and Local Retirement System seeking disability retirement benefits for petitioner under Retirement and Social Security Law article 15. The application was approved by respondent Comptroller in December 2005 and the Comptroller informed the County that petitioner would receive disability retirement benefits once he was removed from the

county payroll, which was to be done within 30 days. The County removed petitioner from its payroll in January 2006. He thus began receiving disability retirement benefits, but his full-salary benefits under General Municipal Law § 207-c (1) ceased.

A timely request was made by petitioner to the Comptroller for a hearing and redetermination of the Retirement and Social Security Law article 15 disability application (*see* Retirement and Social Security Law § 74 [d]). Petitioner also commenced this CPLR article 78 proceeding alleging, among other things, that his due process rights were violated by the manner in which the County applied for him to receive disability retirement benefits and also when the County discontinued his General Municipal Law § 207-c (1) benefits pursuant to the direction of the Comptroller. Respondents moved to dismiss the petition asserting that petitioner failed to exhaust his administrative remedies and that the petition did not state a cause of action. Supreme Court granted the motions determining that, as to the Retirement System and the Comptroller (hereinafter collectively referred to as the state respondents), petitioner had not exhausted his administrative remedies, and further holding that the petition failed to state a cause of action as to the County and respondent Rocco A. Pozzi, the Commissioner of the County Department of Correction (hereinafter collectively referred to as the County respondents). Petitioner appeals.

Initially, we agree with Supreme Court that dismissal was appropriate as to the state respondents upon the ground that petitioner had not exhausted his administrative remedies. With certain exceptions that do not apply here, "[t]hose who wish to challenge agency determinations under [CPLR] article 78 may not do so until they have exhausted their administrative remedies" (*Walton v New York State Dept. of Correctional Servs.*, 8 NY3d 186, 195 [2007]; *see Watergate II Apts. v Buffalo Sewer Auth.*, 46 NY2d 52, 57 [1978]). Petitioner stated in his petition that he was challenging the actions of the county respondents and that he was not contesting the determination made by the state respondents. Indeed, the Comptroller's preliminary decision to grant disability retirement benefits is currently being reviewed pursuant to Retirement and Social Security Law § 74 (d) and a "final determination" under that statute has not yet been rendered. To the extent that petitioner now seeks to assert a ground to avoid the requirement to exhaust administrative remedies, we need only note that such argument was not advanced before Supreme Court and, accordingly, is not properly before us (*see Matter of Horvath [Residence Inn/Buffalo Lodging Assoc., L.L.C.—Commissioner of Labor]*, 32 AD3d 1089,

1089 [2006]; *Wagner v Town of Ticonderoga*, 88 AD2d 1011, 1011 [1982]).

We turn next to petitioner's argument that Supreme Court erred in dismissing, upon the ground of failure to state a cause of action, his claim that the county respondents violated his due process rights.* We have previously held that General Municipal Law § 207-c benefits "can be extinguished when the recipient retires, even where the recipient's retirement benefit is less than the full-salary benefit provided by section 207-c" and, furthermore, the statute "expressly gives the municipality the authority to apply for a correction officer's retirement without the officer's consent" (*Matter of De Novio v County of Schenectady*, 293 AD2d 101, 103 [2002], *lv denied* 98 NY2d 607 [2002]). To be sure, "section 207-c disability payments constitute[ ] 'a property interest giving rise to procedural due process protection' " (*Matter of Park v Kapica*, 8 NY3d 302, 310 [2007], quoting *Matter of Uniform Firefighters of Cohoes, Local 2562, IAFF, AFL-CIO v City of Cohoes*, 94 NY2d 686, 691 [2000]). The statute, however, "provides no definitive procedure that must be followed" and, in the absence of a procedure being established by collective bargaining, a municipality is "free to fashion a hearing remedy so long as its procedure afford[s] . . . due process" (*Matter of Park v Kapica, supra* at 311).

The procedures necessary to comply with due process vary depending on the action being taken by the municipality with regard to General Municipal Law § 207-c benefits. For example, a determination to terminate benefits because a disability is not causally related to the job generally requires predetermination notice and a full opportunity to be heard and present proof (*see Matter of Hamilton v City of Schenectady*, 210 AD2d 843, 844 [1994]), whereas a discontinuance of benefits for a reason unrelated to the existence of a disability and causal connection may not require a predetermination hearing (*see Matter of Meyers v Loughren*, 228 AD2d 927, 928 [1996]). Similarly, payments may be discontinued without a hearing where ample notice has been given that a municipality's medical examiner found that an officer could perform light-duty assignments, the officer refused to perform that duty and, despite a reasonable opportunity to present contrary medical proof, the officer provided no such proof (*see Matter of Park v Kapica, supra* at 312).

We agree with petitioner's contention—as did Supreme Court—that a correction officer must be afforded notice when a

---

* Although the county respondents also argued before Supreme Court the failure to exhaust administrative remedies as a ground to dismiss the action as to them, the court rejected that argument.

municipality exercises its specific statutory authority to apply for the officer's retirement without the officer's consent. This does not mean, however, that—as urged by petitioner—an officer is then entitled to a hearing process separate from the proceeding before the Comptroller. The statutory procedures that govern the Comptroller when considering a disability retirement application, together with the right to demand a full hearing before a final determination is rendered (*see* Retirement and Social Security Law § 74 [d]), afford ample due process.

Petitioner asserts in his petition that he never received notice that the County had applied to the Retirement System on his behalf for a disability retirement and that the first time that he was aware that an application had been made was when he received the preliminary determination granting him Retirement and Social Security Law article 15 disability retirement benefits. A total failure to afford a correction officer any notice that an application is being made on the officer's behalf would not be countenanced since it would deprive the officer of the opportunity to submit information he or she deemed relevant to the Comptroller. Indeed, under the statutory scheme, the granting of disability retirement results in a decrease in compensation from the amount of the General Municipal Law § 207-c benefits, and the officer must be afforded a chance to participate prior to that occurring.

In the current procedural context of a pre-answer motion to dismiss, petitioner's sworn statement that he never received notice prior to the Comptroller's preliminary determination (notwithstanding considerable contrary evidence by respondents) would typically be sufficient to avoid dismissal of this proceeding (*see Matter of Scott v Commissioner of Correctional Servs.*, 194 AD2d 1042, 1043 [1993]) and require a hearing on the issue of whether notice was provided (*see* CPLR 7804 [h]; *cf. Matter of Elliott v Butler*, 8 NY3d 972, 973 [2007]). However, here, petitioner went on to state that, prior to the Comptroller's preliminary determination, he received notice from the County to submit to a medical examination by a physician retained by the Retirement System. Hence, his own petition establishes that he had notice prior to the preliminary determination (*see Matter of Green Harbour Homeowners' Assn. v Town of Lake George Planning Bd.*, 1 AD3d 744, 745 [2003] [noting that the petition and proof submitted by the petitioner provided sufficient support for granting dismissal]), and such notice before the preliminary determination—together with the full range of protections available after the preliminary determination but before a final determination (*see* Retirement and Social Security Law § 74 [d]—provided ample due process to petitioner.

Next, we address petitioner's argument that the County violated due process when, after receiving the Comptroller's preliminary determination granting petitioner Retirement and Social Security Law article 15 disability retirement benefits, the County discontinued petitioner's General Municipal Law § 207-c benefits. We are unpersuaded. The County's actions in such regard fully complied with the statute (*see* General Municipal Law § 207-c [2]; *Matter of De Novio v County of Schenectady, supra* at 103) and, if petitioner ultimately prevails in having the Comptroller's preliminary determination reversed, he will be entitled to retroactive section 207-c benefits (minus appropriate setoffs). This procedure complies with due process (*cf. Matter of Park v Kapica, supra* at 312).

The remaining arguments by petitioner have been considered and found unavailing.

Mercure, J.P., Carpinello, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.