■ In the Matter of ROBERT J. LEE, Appellant, v COUNTY OF WESTCHESTER et al., Respondents. [840 NYS2d 640]—Lahtinen, J. Appeal from a judgment of the Supreme Court (Lynch, J.), entered May 19, 2006 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motions to dismiss the petition.

The issues argued in this appeal are the same as in *Matter of Davis v County of Westchester* (42 AD3d 791 [2007] [decided herewith]). There is, however, one factual difference of significance. Petitioner—like the petitioner in *Davis*—states in his verified petition that the first notice that he received of respondent County of Westchester's application on his behalf for Retirement and Social Security Law article 15 disability retirement benefits was when he received respondent Comptroller's preliminary determination granting such benefits. Unlike the petitioner in *Davis*, however, petitioner does not go on to supply information in his own petition and supporting proof indicating that such notice was, in fact, received before the preliminary determination. Although the County set forth proof that notice was provided, we cannot consider that evidence in the procedural context of this pre-answer motion to dismiss (*see Matter of Green Harbour Homeowners' Assn. v Town of Lake George Planning Bd.*, 1 AD3d 744, 745 [2003]; *Matter of Scott v Commissioner of Correctional Servs.*, 194 AD2d 1042, 1043 [1993]). Accordingly, dismissal as to the County and respondent Rocco A. Pozzi, the Commissioner of the County Department of Correction, must be reversed and the matter remitted to Supreme Court for a hearing regarding the issue of whether petitioner was provided notice of the application for article 15 benefits before the Comptroller's preliminary determination granting such benefits.

Mercure, J.P., Carpinello, Rose and Kane, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as granted the motion of respondents County of Westchester and Rocco A. Pozzi; said motion denied and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.