Matter of Sestito v City of White Plains (2018 NY Slip Op 03528)





Matter of Sestito v City of White Plains


2018 NY Slip Op 03528


Decided on May 16, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOHN M. LEVENTHAL
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2016-06978
 (Index No. 2937/15)

[*1]In the Matter of John Sestito, petitioner, 
v
City of White Plains, et al., respondents.


Bartlett, McDonough & Monaghan, LLP, White Plains, NY (Warren J. Roth of counsel), for petitioner.
John G. Callaghan, Corporation Counsel, White Plains, NY (Doreen Lusita Rich of counsel), for respondents.



DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of Public Safety of the City of White Plains dated May 4, 2015. The determination adopted the recommendations of a hearing officer dated April 22, 2015, made after a hearing, and terminated the petitioner's benefits under General Municipal Law § 207-a.
ADJUDGED that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.
The petitioner, a firefighter, allegedly was injured while performing his duties on May 22, 2011. He subsequently applied for benefits pursuant to General Municipal Law § 207-a. In 2014, after an examination, the respondents' medical examiner found that the petitioner was capable of returning to light duty and that there would be a "medium to moderate" chance that he would be able to resume full duty if he underwent spinal fusion surgery. Thereafter, the respondents' fire chief sent the petitioner a letter ordering him to return to work on October 1, 2014, to assume a light duty position, or risk losing his benefits. A second letter sent by the fire chief awarded the petitioner General Municipal Law § 207-a benefits for the period from May 22, 2011, to October 1, 2014. It also directed the petitioner to schedule the fusion surgery. The petitioner did not return to work on October 1, 2014, and did not undergo surgery, choosing instead to proceed with a challenge of the return to work order.
After a hearing, the hearing officer concluded that the fire chief's orders were "reasonable and rational," and that the petitioner's failure to comply with those orders was without justification. The respondents adopted the recommendations of the hearing officer. The petitioner commenced this CPLR article 78 proceeding to review the determination.
The petitioner argues that the respondents' determination is not supported by substantial evidence. We disagree. "Substantial evidence means more than a mere scintilla of evidence and the test of whether substantial evidence exists in a record is one of rationality, taking into account all the evidence on both sides" (Matter of Solano v City of Mount Vernon, 108 AD3d 676, 677 [internal quotation marks omitted]). Here, there was substantial evidence to support the [*2]determination that the petitioner was fit to return to light duty and that surgery was a reasonable and appropriate treatment. Since the petitioner failed to return to work for his light duty assignment, and did not undergo surgery, his benefits were properly terminated (see Matter of Pirrone v Town of Wallkill, 6 AD3d 447; Matter of Schenectady Police Benevolent Assn. v New York State Pub. Empl. Relations Bd., 196 AD2d 171, 174, affd 85 NY2d 480).
The parties' remaining contentions are without merit.
SCHEINKMAN, P.J., LEVENTHAL, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court