◼ In the Matter of TINA MEEHAN, Petitioner, v COUNTY OF TOMPKINS, Respondent. [631 NYS2d 100] —Peters, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Tompkins County) to review a determination of respondent which, *inter alia*, terminated petitioner's benefits pursuant to General Municipal Law § 207-c.

Petitioner was employed by respondent as a correction officer at the Tompkins County Jail when she was injured in the course of her employment on July 4, 1993. Following a finding by the Workers' Compensation Board of accident, notice and causal relationship, petitioner received benefits from respondent pursuant to General Municipal Law § 207-c until April 19, 1994. On that date, petitioner was notified that her benefits had been terminated, effective March 15, 1994, and that she owed respondent $140 in overpayments.

After a hearing, a Hearing Officer held that petitioner's

benefits under General Municipal Law § 207-c had been properly discontinued based on expert witness testimony showing that as of March 15, 1994, petitioner's continuing disability was no longer the result of her on-the-job injury. The Hearing Officer further ruled that petitioner would be subject to dismissal if her absence from work extended beyond the one-year leave of absence provided by Civil Service Law § 71 for disabled employees who have been injured on the job.

In this CPLR article 78 proceeding, petitioner contends that there was insufficient medical evidence to support the Hearing Officer's finding that by March 15, 1994, her disability was no longer the result of the trauma she had sustained in the course of her employment on July 4, 1993. We cannot agree. While the medical testimony adduced by both sides was sharply conflicting, the record contains substantial evidence to support the Hearing Officer's determination in favor of respondent (see, Matter of Sledge v New York State Police & Firemen's Retirement Sys., 199 AD2d 944, 945).

Petitioner is, however, correct in her assertion that a hearing must be held prior to the discontinuance of benefits under General Municipal Law § 207-c (see, Matter of Hamilton v City of Schenectady, 210 AD2d 843). It was error for petitioner's benefits to have been terminated in April 1994, four months prior to the Hearing Officer's hearing in August 1994. Petitioner is, accordingly, entitled to payment of benefits from the date such payments to her ceased, effective March 15, 1994, until the date of the Hearing Officer's hearing, August 9, 1994. We have examined petitioner's remaining contentions and find them to be without merit.

Cardona, P. J., Mercure, White and Spain, JJ., concur. Adjudged that the determination is modified, with costs to petitioner, by annulling so much thereof as discontinued the payment of petitioner's benefits pursuant to General Municipal Law § 207-c effective March 15, 1994; respondent is directed to remit to petitioner the benefits which accrued between March 15, 1994 and August 9, 1994; and, as so modified, confirmed.