■ In the Matter of FRANK OLIVIER, Respondent, v COUNTY OF ROCKLAND et al., Appellants. [688 NYS2d 580] —In a proceeding pursuant to CPLR article 78 in the nature of mandamus to compel the County of Rockland and Sheriff James F. Kralik of the County of Rockland to classify the petitioner's alleged disability as work-related pursuant to General Municipal Law

§ 207-c and to afford him benefits pursuant to that statute, the appeal is from a judgment of the Supreme Court, Rockland County (Weiner, J.), dated February 27, 1998, which granted the petition to the extent of directing that the petitioner be paid benefits pursuant to General Municipal Law § 207-c pending a hearing on his claim, to be preceded by an independent medical examination.

Ordered that the judgment is reversed, on the law, with costs, the petition is denied, and the proceeding is dismissed on the merits.

The petitioner, Frank Olivier, a corrections officer employed by the respondent County of Rockland, applied for benefits pursuant to General Municipal Law § 207-c in September 1997, based on an alleged, work-related illness. In November 1997, before any determination on his application, Olivier commenced this proceeding pursuant to CPLR article 78, *inter alia*, in the nature of mandamus to compel the County of Rockland and Sheriff James F. Kralik (hereinafter collectively the County) to grant him benefits under General Municipal Law § 207-c. Olivier asserted that he had prima facie established his entitlement to benefits, and that the County had waived its right to demand an independent medical examination.

The Supreme Court erred in directing the County to provide section 207-c benefits to Olivier pending a hearing and determination on his application and instead should have dismissed the petition on the merits. It is well settled that the County was not required to award benefits based on a prima facie showing of entitlement, but was permitted to order an independent medical examination before making a determination (*see, Matter of DePoalo v County of Schenectady,* 85 NY2d 527).

We agree with the County that the Supreme Court's decision was apparently based on the erroneous assumption that Olivier had received section 207-c benefits and that those benefits had been suspended or terminated. As the record is clear that Olivier had not been previously paid benefits under General Municipal Law § 207-c, the procedural protections afforded to those whose benefits are suspended or terminated were not applicable (*see, Matter of Schenectady County Sheriff's Benevolent Assn. v McEvoy,* 124 AD2d 911; *cf., Matter of Meehan v County of Tompkins,* 219 AD2d 774; *Matter of Dacey v County of Dutchess,* 121 AD2d 536). O'Brien, J. P., Joy, Krausman and Goldstein, JJ., concur.