■ In the Matter of DANIEL McMAHON, Respondent, v BOARD OF TRUSTEES OF VILLAGE OF PELHAM MANOR et al., Appellants. [705 NYS2d 285] —In a proceeding pursuant to CPLR article 78, *inter alia*, to review a determination of the Board of Trustees of the Village of Pelham Manor dated August 10, 1998, which terminated the petitioner's employment pursuant to Civil Service Law § 71, the appeal, as limited by the appellants' brief, is from so much of an order of the Supreme Court, Westchester County (Angiolillo, J.), entered November 17, 1998, as, upon determining that the petitioner's employment cannot be terminated pursuant to Civil Service Law § 71, granted the petition to the extent of reinstating the petitioner to the position of Captain in the Village of Pelham Manor Fire Department with full salary and benefits, pending a determination of the petitioner's entitlement to disability benefits pursuant to General Municipal Law § 207-a.

Ordered that on the Court's own motion, the appellants' notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted (*see,* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings consistent herewith.

Before making any determination with respect to whether the appellants properly terminated the petitioner's employment pursuant to Civil Service Law § 71, the Supreme Court must first decide the issue of the petitioner's entitlement to disability benefits pursuant to General Municipal Law § 207-a. Santucci, J. P., Thompson, S. Miller and Schmidt, JJ., concur.

■ In the Matter of the Estate of EDWARD J. MURPHY, Deceased. GAIL MURPHY, Appellant; KINGS COUNTY PUBLIC ADMINISTRATOR, Respondent. [705 NYS2d 281] —Appeal by the objectant from an order of the Surrogate's Court, Kings County (Feinberg, S.), dated June 17, 1999.

Ordered that the order is affirmed, with costs payable by the appellant personally, for reasons stated by Surrogate Feinberg at the Surrogate's Court. Santucci, J. P., Joy, Goldstein and Schmidt, JJ., concur.