■ In the Matter of JEFFREY STEWART, Appellant, v COUNTY OF ALBANY et al., Respondents. [750 NYS2d 912] —Carpinello, J. Appeal from a judgment of the Supreme Court (Benza, J.), entered June 7, 2002 in Albany County, which, in a proceeding pursuant to CPLR article 78, dismissed the petition for failure to exhaust administrative remedies.

Petitioner, a correction officer, has been receiving General Municipal Law § 207-c benefits since August 2000 for a work-related injury. By letter dated December 27, 2001, he was notified by respondent Albany County Sheriff that he was being terminated in accordance with Civil Service Law § 71 as a result of his absence from work for more than a year. Rather than avail himself of the protest procedures outlined under the statute and its implementing regulations (see 4 NYCRR 5.9), petitioner commenced this CPLR article 78 proceeding seeking immediate return to the County payroll as a correction officer. Supreme Court dismissed the proceeding on the ground that petitioner had failed to exhaust administrative remedies, prompting this appeal.

Notably, petitioner does not dispute the fact that he failed to exhaust the administrative remedies available to him under the statute (see generally Matter of Armetta v Town of Bethel,

265 AD2d 789; *Matter of House v New York State Off. of Mental Health*, 262 AD2d 929). Rather, citing *Watergate II Apts. v Buffalo Sewer Auth.* (46 NY2d 52) and *Matter of Cliff v Russell* (264 AD2d 892), he argues that pursuit of such remedies was unnecessary because the Sheriff's action is being challenged as wholly beyond his grant of power.[1] Even if we agree that petitioner has adequately demonstrated that the present case falls within an exception to the exhaustion rule, we disagree with his contention that the Sheriff acted in excess of his jurisdiction. Upon our review of Civil Service Law § 71 and its legislative history, we find it clearly within the Sheriff's authority to avail himself of the termination procedures therein outlined to remove a disabled correction officer—even one receiving General Municipal Law § 207-c benefits—from the County payroll (*see generally Matter of Lynn v Town of Clarkstown*, 296 AD2d 411; *Matter of McMahon v Board of Trustees of Vil. of Pelham Manor*, 270 AD2d 491; *Matter of Correction Officers Benevolent Assn. [City of New York]*, 199 AD2d 12).[2] Thus, the petition was properly dismissed.

Cardona, P.J., Crew III, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.

---

1. To the extent that petitioner raises arguments in his reply brief that are not raised in either the petition itself or his main brief on appeal, they are not properly before this Court (*see e.g. Matter of Zimmerman v Planning Bd. of Town of Schodack*, 294 AD2d 776, *lv denied* 98 NY2d 612; *Matter of Killeen v Travis*, 291 AD2d 600; *Matter of Eckerson v New York State & Local Retirement Sys.*, 270 AD2d 705, *lv denied* 95 NY2d 756).

2. Consistent with its statutory purpose, the Sheriff's resort to Civil Service Law § 71 was presumably "to secure a steady, reliable, and adequate work force" (*Matter of Duncan v New York State Dev. Ctr.*, 63 NY2d 128, 135; *see Matter of Allen v Howe*, 84 NY2d 665, 672), i.e., he wanted to hire another correction officer to replace petitioner. However, termination of employment under Civil Service Law § 71 does not necessarily involve a termination of benefits awarded pursuit to General Municipal Law § 207-c, as such benefits "are a property interest that may not be terminated without procedural due process under the Fourteenth Amendment" (*Matter of Gamma v Bloom*, 274 AD2d 14, 16; *see Matter of Uniform Firefighters of Cohoes, Local 2562, IAFF, AFL-CIO v City of Cohoes*, 94 NY2d 686, 691; *Matter of Meehan v County of Tompkins*, 219 AD2d 774, 775). Nor does our determination have any effect on the separate dispute between these parties concerning whether petitioner can perform light duty.