(34 Misc. Rep. 120.)

### PEOPLE ex rel. SMITH v. YORK et al.

(Supreme Court, Special Term, New York County. February 20, 1901.)

ELECTIONS—REGISTRATION—ENROLLMENT FOR PRIMARY ELECTION—MISTAKE—CORRECTION—MANDAMUS—RIGHTS OF VOTER.

Laws 1899, c. 473, § 11, provides that any neglect or action of an officer prejudicial to the right of any person to participate in a primary election or to enroll with any party may be reviewed by the court, which shall have power to make any order justice may require. A Republican voter wrote his name in the column of the Democratic party on the primary enrollment books by mistake. *Held*, that such voter was not entitled to mandamus to compel the police commissioners to change his name to the Republican column, since the mistake arose from the voter's negligence.

Application by the people, on the relation of Samuel W. Smith, for a writ of mandamus to compel Bernard J. York and others, as police commissioners, to change relator's registration on the primary enrollment books from the Democratic column to the Republican column. Application denied.

Henry B. Heylman, for petitioner.
John Whalen and Terence Farley, for respondents.

McADAM, J. This is an application by a voter for an order requiring the police board to strike out the word "Democratic," and to enter and insert in the place thereof the word "Republican," against the name of the applicant, Samuel W. Smith, on the original primary enrollment books of the Eighteenth election district, in the Twenty-Fifth assembly district of the borough of Manhattan, city of New York, or putting him in the same position as though no enrollment had been made. It appears that the petitioner is a citizen about 60 years of age; that he is and always has been enrolled as a member of the Republican party; that he voted with said party at the last general election, and is desirous of acting as an enrolled member thereof during the present year; and that on enrolling for the primaries in 1900 he wrote his name by mistake in the Democratic column. The statute (Laws 1899, c. 473, § 11) provides for the review by the court of cases, generally, where there has been neglect or action by officers or members of political conventions or public boards prejudicial to the right of any person to participate in a primary election or to enroll with any party, and authorizes the court to make such decision and order as, under all the facts and circumstances of the case, justice may require. The

difficulty in this instance is that the applicant has no grievance against any officer or member of a political convention or public board. On the contrary, he seeks relief in this proceeding from the consequences of his own action or neglect. Under such facts as are here disclosed, it would be a dangerous precedent to transfer a voter from one party to another; and to put the applicant now in the same position as though no enrollment had been made would accomplish indirectly what the court declines to do directly.

Motion denied.