In re JACKSON.

(Supreme Court, Appellate Division, Second Department. November 17, 1911.)

MANDAMUS (§ 74*)—ELECTIONS—ENROLLMENT—MISTAKE OF ELECTOR.

　　Where one, in New York city, through his own mistake, places his mark on an enrollment blank, in the circle assigned to the Democratic party, and the board of elections acting thereon enrolls him as a Democrat, he cannot have a writ requiring them to enroll him as a Republican; Election Law (Consol. Laws 1909, c. 17) § 70, giving right to review only their action or neglect, not applying where their action is caused by his mistake, and section 94, the only section authorizing any change of enrollment actually made by the elector, being in an article which expressly excepts any county in Greater New York.

　　[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 150–157; Dec. Dig. § 74.*]

Appeal from Kings County Court.

Application of Abraham Jackson for writ of mandamus against J. Gabriel Britt and others, composing the Board of Elections of the City of New York. From an order directing the issuance of a peremptory writ, defendants appeal. Reversed, and motion denied.

Argued before JENKS, P. J., and THOMAS, CARR, HIRSCHBERG, and RICH, JJ.

James D. Bell, for appellants.
Grover M. Moscowitz, for respondent.

PER CURIAM. The appellants, who constitute the board of elections of the city of New York, appeal from an order of the County Court of Kings County, which directed the issuance of a writ of peremptory mandamus against them requiring them to enroll the respondent, Abraham Jackson, as a Republican on the enrollment books of the Republican party in the Eighteenth election district of the First assembly district of the borough of Brooklyn, county of Kings. The proceeding was brought under section 70 of the election law. The papers on which the applicant sought the writ of peremptory mandamus show that the applicant, when he registered for the election which was held in 1910, unintentionally placed his mark in the enrollment blank, furnished to him pursuant to law, in the circle assigned to the Democratic party, when in fact he intended to place said mark in the circle assigned to the Republican party. He attributes this mistake on his part to the fact that the voting booth in the place of registry was "very dark." The board of elections, acting upon the enrollment blank as it came to them, enrolled the relator as a member of the Democratic party. If any mistake was made, it was undeniably that of the relator himself. Section 70 of the election law confers power of summary proceeding upon the specified courts only in case of erroneous action on the part of the public officials therein specified. It does not give any power to the courts to correct mistakes made by the

elector himself. People ex rel. Smith v. York, 34 Misc. Rep. 120, 68 N. Y. Supp. 741.

There is no provision in the election law which in any way authorizes any change of enrollment actually made by the elector in the city of New York and certain other counties. Such provision, however, is made in article 4 of the election law in relation to enrollment in various towns of the state, as will be seen by reference to section 94 of said act. From the fact that such provision is made in relation to the correction of enrollment in certain towns in an article of the statute which expressly excepts any county embraced in the Greater New York, a strong implication arises that it was not the intention of the Legislature that enrollment once made on the act of an elector could subsequently be changed by the courts, or the election officers within the territory expressly excepted from the provisions of said article.

The order of the County Court should be reversed, and the motion for a writ of peremptory mandamus denied, without costs.