Abraham J. Gellinoff, J.
Petitioner in this article 78 proceeding seeks to compel the Board of Elections of the City of New York to correct an alleg’ed error in his party enrollment dated October 13, 1962, and to enroll him in the specified party of his choice nunc pro tunc.
Correction of mistakes in party enrollments are authorized by subdivision 12 of section 187 of the Election Law, upon various showing’s, including a statement that the voter ‘ ‘ has been duly and regularly enrolled with the party whose name he desires substituted for at least five years immediately preceding the enrollment at which such mistake occurred, specifying the county or counties and the addresses at which he resided when he was so enrolled ”. Petitioner cannot comply with this requirement since the subject enrollment was his first with any political party.
Prior to the enactment of the correction procedure currently embodied in subdivision 12 of section 187, a voter who mistakenly enrolled in the wrong party had no remedy available to cure his neglect (People ex rel. Smith v. York, 34 Misc. 120; Matter of Jackson v. Britt, 147 App. Div. 87). Thereafter, the Legislature provided a remedy conditioned upon the establishment of specified evidentiary facts indicating the real intent of the voter. The obvious purpose of requiring the establishment of such facts is to prevent capricious transfers of enrollment by limiting applications for correction to those cases where, from the facts submitted, it reasonably appears that there has been a mistake.
In the instant matter, petitioner’s inability to present a record of five years’ association with the party in which he seeks to enroll, is unfortunate. However, the statutory requirements may not be dispensed with. The retroactive enrollment petitioner seeks must, accordingly, be denied him. He may, however, initiate a change in his enrollment prospectively, in accordance with section 385 of the Election Law. Motion denied and petition dismissed.