[632 NYS2d 272]

In the Matter of JOHN T. FALIVENO, Appellant, v CITY OF
GLOVERSVILLE et al., Respondents.

Third Department, October 12, 1995

---

## APPEARANCES OF COUNSEL

*Thomas J. Jordan,* Albany, for appellant.

*Goldberger & Goldberger,* Albany *(Bryan J. Goldberger* of counsel), for respondents.

## OPINION OF THE COURT

Spain, J.

In July 1974, petitioner was hired as a firefighter by respondent City of Gloversville in Fulton County. In 1975 petitioner began buying, renovating and selling homes and also renting apartments, all for profit, in addition to his employment as a firefighter. It is undisputed that in 1988 petitioner suffered a permanently disabling job injury; pursuant to General Municipal Law § 207-a he continued to receive full wages. On April

13, 1993 petitioner was granted an accidental disability retirement pension pursuant to Retirement and Social Security Law § 363 and retired on April 28, 1993. Soon thereafter, respondents discontinued petitioner's General Municipal Law § 207-a benefits.

Petitioner commenced this CPLR article 78 proceeding challenging respondents' actions, asserting, *inter alia,* that he was entitled to a pretermination hearing. Respondents answered and counterclaimed, affirmatively alleging, *inter alia,* that petitioner forfeited his entitlement to the General Municipal Law § 207-a benefits because he was self-employed as the active manager of rental properties owned by him which is proscribed employment within the meaning of General Municipal Law § 207-a (6).[1] Significantly, in response to Supreme Court's inquiry, both sides declined a hearing on the factual issues. Supreme Court found that petitioner's business activities constituted prohibited employment and that petitioner's commencement of those activities, prior to the 1978 effective date of General Municipal Law § 207-a (6) and also prior to his 1988 injury, did not operate to prevent the forfeiture. The petition was dismissed by Supreme Court, which referred respondents' counterclaim to a hearing. Petitioner appeals.

█ We affirm. General Municipal Law § 207-a does not provide an administrative framework for making these determinations. While administrative hearings have been found to be appropriate *(see, Legg v Fitzmaurice,* 112 Misc 2d 283, 286-287), an administrative pretermination hearing is not the only means of affording an employee due process. This Court has determined that a hearing in Supreme Court pursuant to CPLR 7804 (h) is an adequate means for resolving triable issues of fact as to whether an administrative determination made under General Municipal Law § 207-a was proper *(see, Matter of Kirley v Department of Fire,* 138 AD2d 842, 844). We conclude that a pretermination hearing was not required under the circumstances of this case and that petitioner gave up his right to a trial de novo when he declined Supreme

---

1. General Municipal Law § 207-a (6) states: "Any fireman receiving payments or benefits pursuant to this section, who engages in any employment other than as provided in subdivision three or five of this section shall on the commencement of such employment, forfeit his entitlement to any payments and benefits hereunder, and any such payment or benefit unlawfully received by such fireman shall be refunded to and may be recovered by the municipal corporation or fire district employing such fireman in a civil action."

Court's invitation to hold a hearing; furthermore, he has not put forward any evidence which would raise any issues of fact to suggest that a hearing would have been necessary *(see, Bett v City of Lackawanna,* 132 Misc 2d 630, 635, *affd* 132 AD2d 951, *affd on other grounds* 76 NY2d 900). The facts with respect to petitioner's business activities and his job-related disability were not disputed. Notably, petitioner has not raised within his appeal a challenge to Supreme Court's determination that his self-employment business activities constituted employment proscribed by General Municipal Law § 207-a (6).

■ Petitioner further contends that the forfeiture provision of General Municipal Law § 207-a (6) does not apply to him because he did not "commence" any outside employment after he started receiving General Municipal Law § 207-a benefits since his self-employment business predated his disability.[2] While petitioner's interpretation may find some support in the literal wording of General Municipal Law § 207-a (6), it is contradicted by the legislative history of the 1977 amendments to General Municipal Law § 207-a (L 1977, ch 965) which reflect a clear intention to prohibit disabled firefighters from collecting a salary from a municipality while at the same time engaging in outside employment *(see,* Governor's Approval Mem, 1977 NY Legis Ann, at 336-337; *see also, Matter of Mashnouk v Miles,* 55 NY2d 80, 84-85; 1992 Opns St Comp No. 92-12, at 27). We further conclude that the word "commencement" as used in the statute did not limit proscribed employment to only that employment which commences after the firefighter becomes disabled, but merely clarifies that the forfeiture applies when disability and outside employment occur at the same time; to interpret this statute as covering only those firefighters who start outside employment after they become disabled would defy its intended purpose.

CARDONA, P. J., WHITE, CASEY and PETERS, JJ., concur.

Ordered that the judgment is affirmed, without costs.

---

2. Petitioner's interpretation was found to be acceptable under different circumstances in *Cook v City of Binghamton* (Sup Ct, Broome County, Jan. 5, 1978, Yesawich Jr., J., *mod* 67 AD2d 469, *mod* 48 NY2d 323). *Cook* is distinguishable, however, because that case involved firefighters who were both disabled and engaged in outside employment prior to the enactment of General Municipal Law § 207-a (6).