[653 NYS2d 202]

In the Matter of JOHN T. FALIVENO, Appellant, v CITY OF GLOV-
ERSVILLE et al., Respondents.

Third Department, February 6, 1997

### APPEARANCES OF COUNSEL

*Thomas J. Jordan,* Albany, for appellant.

*Goldberger & Goldberger,* Albany *(Bryan J. Goldberger* of counsel), for respondents.

*Lombardi, Reinhard, Walsh & Harrison,* Albany *(Paul E. Davenport* of counsel), for New York State Professional Firefighters Association Inc., *amicus curiae.*

### OPINION OF THE COURT

SPAIN, J.

In 1988 petitioner, permanently employed as a firefighter for respondent City of Gloversville (hereinafter the City) in Fulton County, suffered an on-the-job permanently disabling injury and was placed on disability leave during which he received his regular salary and wages pursuant to General Municipal Law § 207-a. In April 1993 petitioner was granted an accidental disability retirement allowance pursuant to Retirement and Social Security Law § 363; he then requested that the City pay him the difference between his retirement allowance and his regular salary and wages as mandated by General Municipal Law § 207-a (2). In September 1993 petitioner was advised by the City that because he was engaged in prohibited employment he was no longer eligible for section 207-a benefits. Thereafter, petitioner commenced a CPLR article 78 proceeding seeking, *inter alia,* to compel respondents to pay him the supplemental benefits mandated in General Municipal Law § 207-a (2). Supreme Court found that petitioner, by operating a number of rental properties owned by him, was engaging in employment prohibited by General Municipal Law § 207-a (6) and, *inter alia,* granted respondents' request to dismiss the petition; on appeal, this Court affirmed Supreme Court's judgment (*Matter of Faliveno v Gloversville,* 215 AD2d 71, *appeal dismissed* 87 NY2d 896, *lv dismissed* 87 NY2d 1055).

In November 1994 petitioner, asserting that he sold all of his rental properties and discontinued any and all activities which could possibly be construed as prohibited employment, asked the City to reinstate his section 207-a benefits; the City denied his request. Petitioner then commenced the instant CPLR article 78 proceeding seeking to compel respondents to rein-

state his section 207-a benefits and to pay him said benefits from the time his outside employment activities ceased. Respondents answered, contending, as an affirmative defense, that by engaging in outside employment petitioner permanently forfeited his entitlement to all payments and benefits under General Municipal Law § 207-a. Supreme Court, finding that General Municipal Law § 207-a (6) does not limit the forfeiture to the period of employment, dismissed the petition. Petitioner appeals.

We affirm. General Municipal Law § 207-a (6) was enacted in 1977 to, *inter alia*, prohibit a disabled firefighter collecting section 207-a benefits from engaging in outside employment (*see, Matter of Klonowski v Department of Fire*, 58 NY2d 398, 405; *Cook v City of Binghamton*, 48 NY2d 323, 328-329; *see also*, Governor's Approval Mem, 1977 NY Legis Ann, at 336-337).* We reject petitioner's contention that the Legislature could not have intended such a harsh result. Notably, the Bill Jacket materials submitted at the time of the enactment of the 1977 changes to General Municipal Law § 207-a reflect the climate in which this legislation was conceived and passed, i.e., the heavy financial burden borne by local municipalities as the result of payments mandated by section 207-a and serious concerns about the fact that a firefighter who was eligible for disability retirement benefits, in addition to collecting his or her full salary, was free to engage in outside employment (*see*, Governor's Approval Mem, 1977 NY Legis Ann, at 336). The Bill Jacket materials also contain a report from the State Comptroller's office dated July 28, 1977 in support of the bill; the report clearly observes that subdivision (6) of the proposed legislation requires "total forfeiture" of entitlement to benefits or payments and therefore, "may occasionally present a harsh result" (Mem of State Comptroller, Bill Jacket, L 1977, ch 965). The statute unambiguously states that if a firefighter engages in outside employment he or she will forfeit any payments and benefits under General Municipal Law § 207-a.

We also reject petitioner's assertion that one of the objectives of General Municipal Law § 207-a (6), deterring "double-

---

* General Municipal Law § 207-a (6) states: "Any fireman receiving payments or benefits pursuant to this section, who engages in any employment other than as provided in subdivision three or five of this section shall on the commencement of such employment, forfeit his entitlement to *any* payments and benefits hereunder, and any such payment or benefit unlawfully received by such fireman shall be refunded to and may be recovered by the municipal corporation or fire district employing such fireman in a civil action." (Emphasis added.)

dipping" by disabled firefighters, could be fully accomplished by merely requiring the firefighter to forfeit his or her section 207-a benefits for the period he or she is engaged in outside employment. In our view, the over-all legislative intent of General Municipal Law § 207-a was to protect firefighters by ensuring that if they are injured and cannot work they will continue to be adequately compensated; the legislation was not intended to provide firefighters who are capable of maintaining outside employment with a second income. Moreover, nowhere does the legislation state that the forfeiture will be effective only during the period of prohibited employment. Petitioner's reliance on the dictum enunciated in *Matter of Putnam v City of Watertown* (213 AD2d 974) is misplaced. Accordingly, Supreme Court correctly determined that General Municipal Law § 207-a (6) mandates a permanent forfeiture of all section 207-a benefits for a disabled firefighter who engages in prohibited employment.

CARDONA, P. J., MIKOLL, CREW III and YESAWICH JR., JJ., concur.

Ordered that the judgment is affirmed, without costs.