■ In the Matter of WILLIAM McDONOUGH, Respondent, v CITY OF ONEONTA et al., Appellants. [654 NYS2d 213] —Peters, J. Appeal from a judgment of the Supreme Court (Mugglin, J.), entered November 29, 1995 in Otsego County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondents terminating petitioner's disability benefits payable under General Municipal Law § 207-a.

Petitioner, a paid firefighter employed by the City of Oneonta in Otsego County, suffered a myocardial infarction while on vacation in 1982. After being cleared for full duties in 1983, petitioner worked as a firefighter without incident or chest pain up until March 12, 1993. After responding to a structural fire on that date, petitioner began experiencing a heaviness and burning sensation in his chest. Although he continued to

perform his duties in connection with the fire, later rest allevi-ated the pain. On that day, in connection with the rescue of a snowmobiler, petitioner again experienced the heaviness and burning sensation in his chest while engaged in the perfor-mance of rescue activities. Again, at the conclusion of these activities and with rest, the chest pain or heaviness subsided. Although petitioner did not experience heaviness and chest pain the following day when he was off duty, slight chest pain did reappear on March 14, 1993 when he was doing work around the station and repacking hoses on the truck. Again, the discomfort and pain would be alleviated when he sat down and rested.

Not experiencing pain or discomfort on the following day off, the pain and discomfort reappeared on March 16, 1993 when petitioner next reported to work and had responded, during the course of the day, to five emergency calls involving the car-rying of patients down the stairs from their home, over snowbanks and into ambulances. During all of these activities, plaintiff reexperienced pain or discomfort, yet the symptoms were alleviated with rest. At the conclusion of that day, petitioner was taken to the hospital. He underwent an angio-plasty several weeks later to treat a 95% occlusion of the left circumflex artery. Petitioner was diagnosed as suffering from unstable angina. He never returned to work as a firefighter af-ter that date.

Based on the assumption that petitioner's injury was work-related, the City began payments pursuant to General Munici-pal Law § 207-a and filed a report of injury with the Workers' Compensation Board. When the City received a notice from the Board that the right to compensation was being controverted on the issue of whether the injury was causally related to employment, John Insetta, the City's Personnel Director, sought a medical evaluation of petitioner's condition, as well as the causes thereof, to determine whether petitioner should be receiving regular workers' compensation benefits or benefits pursuant to General Municipal Law § 207-a.

Although the Board eventually awarded benefits, Insetta understood petitioner's medical examinations by several physi-cians to represent that his medical condition was not work-related as required by statute. Based thereon, the City's Com-mon Council met and decided to remove petitioner's benefits without providing petitioner with an opportunity to be heard prior to this determination.

Petitioner thereafter commenced this proceeding to annul the Common Council's determination. Supreme Court deter-

mined that there were genuine issues of fact regarding the proximate cause of petitioner's disability and whether he could return to full firefighting duties. After a trial without a jury, at which both petitioner and respondents presented expert medical testimony, Supreme Court annulled the Common Council's determination to terminate petitioner's benefits, found the disability to be work-related and thus reinstated benefits pursuant to General Municipal Law § 207-a. Respondents now appeal.

We affirm. As we have previously noted, there is no administrative framework for making a determination under General Municipal Law § 207-a. Yet where, as here, the City terminated benefits without a hearing, it is by now well settled that if there are triable issues of fact concerning eligibility, Supreme Court may hold a trial de novo (*see, Matter of Faliveno v City of Gloversville*, 215 AD2d 71, *appeal dismissed* 87 NY2d 896, *lv dismissed* 87 NY2d 1055; *Matter of Kirley v Department of Fire*, 138 AD2d 842).

Based upon the testimony of Mucio Valenca, petitioner's treating cardiologist, as well as the testimony of Michael Lax, specializing in occupational medicine, and Willard Cohen, board-certified in internal medicine, cardiology and critical care, who conducted three separate independent medical examinations of petitioner at the request of the City's workers' compensation carrier, we find sufficient evidence supporting Supreme Court's determination that petitioner is permanently disabled as a result of his heart disease and that his condition was causally related to the stress incurred by petitioner as a result of his physical exertion in the performance of his duties as a firefighter.

Accordingly, Supreme Court correctly concluded that respondents erred when they terminated petitioner's benefits pursuant to General Municipal Law § 207-a (*see, Matter of Peck v O'Hara*, Sup Ct, Chemung County, June 6, 1973, Yesawich Jr., J., *affd* 45 AD2d 819).

Cardona, P. J., Mercure, White and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, with costs.