■ In the Matter of RAYMOND DEMBOWSKI, Petitioner, v EDWARD A. HANNA, as Mayor and Public Safety Commissioner for City of Utica, et al., Respondents. [678 NYS2d 174] —Determination unanimously annulled on the law with costs and petition granted. Memorandum: Petitioner, who was formerly employed as a firefighter with the City of Utica, commenced this CPLR article 78 proceeding to annul a determination by respondents that denied his application for supplementary benefits under General Municipal Law § 207-a. Following a prior appeal in this matter (*Matter of Dembowski v La Polla*, 213 AD2d 972, *lv dismissed* 86 NY2d 855), a hearing was held pursuant to the Utica City Code to determine whether petitioner is entitled to those benefits. The only witness to testify at that hearing was petitioner. In addition, medical records and reports from four doctors who examined petitioner were introduced into evidence without objection.

We agree with petitioner that respondents' determination denying his application for benefits under section 207-a of the General Municipal Law is not supported by substantial evidence (*see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights*, 45 NY2d 176; *Matter of Pell v Board of Educ.*, 34 NY2d 222). The unrebutted medical evidence, including the opinions of two doctors who examined petitioner on behalf of respondents, established that petitioner is suffering from posttraumatic stress disorder, which was directly related to or aggravated by his work as a firefighter. When a disability is attributable to both a line-of-duty injury and a preexisting non-work-related condition, section 207-a benefits must be provided if the job caused or contributed to the disability "in a substantial degree" (*Matter of McNamara v City of Syracuse*, 60 AD2d 753; *see, Matter of Geremski v Department of Fire*, 72 Misc 2d 166, *affd* 42 AD2d 1050, *lv denied* 33 NY2d 521; 1992 Opns St Comp No. 92-15). Because respondents did not offer any contrary proof, the determination is not supported by

substantial evidence (*see, Matter of Dobson v Perales,* 175 AD2d 628). In addition, respondents did not meet their burden of establishing that petitioner's application for benefits was untimely. (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Oneida County, Buckley, J.) Present—Denman, P. J., Green, Pine, Callahan and Boehm, JJ.