subject to taxation. The subject lands are presently leased pursuant to Federal law (see, Pub L 101-503, 104 US Stat 1292), and the recent amendment of Indian Law § 71 (L 1997, ch 611), which removes reference to the Act of 1875 in describing those lands deemed to be freehold estates, confirms that the Legislature did not intend the renewability of leases under the Act of 1875 to be a precondition to taxation. Thus, we reverse the judgment and grant judgment in favor of the County, declaring that lands on the Allegany Reservation leased to non-Indians are subject to taxation by the County pursuant to Indian Law § 71. (Appeal from Judgment of Supreme Court, Cattaraugus County, Feeman, Jr., J.—Declaratory Judgment.) Present—Denman, P. J., Lawton, Hayes, Balio and Boehm, JJ.

■ In the Matter of BRUCE CONNER, Appellant, v SYRACUSE FIRE DEPARTMENT et al., Respondents. (Appeal No. 1.) [667 NYS2d 586] —Appeal unanimously dismissed without costs (see, Loafin' Tree Rest. v Pardi [appeal No. 1], 162 AD2d 985). (Appeal from Judgment of Supreme Court, Onondaga County, Mordue, J.—CPLR art 78.) Present—Denman, P. J., Lawton, Hayes, Balio and Boehm, JJ.

■ In the Matter of BRUCE CONNER, Appellant, v SYRACUSE FIRE DEPARTMENT et al., Respondents. [666 NYS2d 864] —Judgment unanimously affirmed without costs. Memorandum: Supreme Court properly dismissed the petition for a writ of mandamus compelling respondents to provide General Municipal Law § 207-a (1) benefits to petitioner from July 11, 1995 to date. General Municipal Law § 207-a (6) provides: "Any fireman receiving payments or benefits pursuant to this section, who engages in any employment other than as provided in subdivision three or five of this section shall on the commencement of such employment, forfeit his entitlement to any payments and benefits hereunder". The record establishes that, during part of the period for which petitioner claims benefits, he was working as the operator of a car wash, as a security guard and as a locksmith. He, therefore, forfeited his entitlement to all payments and benefits under General Municipal Law § 207-a (1) (see, Matter of Faliveno v City of Gloversville, 215 AD2d 71, 74, appeal dismissed 87 NY2d 896, lv dismissed 87 NY2d 1055; see also, Matter of Klonowski v Department of Fire, 58 NY2d 398, 405). The fact that petitioner was not actually "receiving payments or benefits" when he was engaged in such employment does not entitle him to benefits; by statute, such benefits are restricted to those who are disabled from all employment (General Municipal Law § 207-a [6]). The fact that petitioner is no longer engaged in other employment does not