■ In the Matter of JEFFREY J. RYAN, Appellant, v BRIGHTON FIRE DISTRICT et al., Respondents. [680 NYS2d 353] —Judgment unanimously affirmed without costs. Memorandum: Petitioner was injured in a motorcycle accident in 1994 and as a result did not return to his employment as a firefighter with respondent Brighton Fire District for approximately one year. Nearly one year after returning to work, he suffered a fracture while mowing the lawn at the fire station as part of his duties. Petitioner has not returned to that employment, although by his own admission he has worked sporadically as an independent contractor and messenger.

Shortly after sustaining the fracture, petitioner filed for workers' compensation benefits and was thereafter advised that respondents were contesting the claim on the ground that his injury was not work-related. For the first six months immediately following his fracture, however, petitioner received his full salary, which he allegedly believed was paid pursuant to General Municipal Law § 207-a. In November 1996, when his pay was cut by half, petitioner learned that in fact he was denied section 207-a benefits and that he was being paid pursuant to the collective bargaining agreement for employees injured other than in the line of duty. He filed a grievance challenging that determination in accordance with the collective bargaining agreement.

While the Workers' Compensation proceeding was pending and after the grievance had been held in abeyance, petitioner commenced the instant proceeding seeking an order directing respondents to provide section 207-a benefits retroactive to November 1996. Supreme Court granted respondents' motion to dismiss the petition, determining in relevant part that, by

virtue of his post-disability outside employment, petitioner had forfeited his right to such benefits pursuant to section 207-a (6).

The court properly determined that petitioner forfeited his right to benefits by operation of General Municipal Law § 207-a (6), and thus the petition was properly dismissed on that ground. We reject petitioner's argument that the statute must be literally construed and that, by its terms, a disabled firefighter could forfeit such benefits only after the municipality or fire district had begun payment of the benefits (*see, Matter of Conner v Syracuse Fire Dept.* [appeal No. 2], 245 AD2d 1060, *lv denied* 92 NY2d 803). Pursuant to the statute, only those firefighters who are disabled from all employment are entitled to benefits (*see, Matter of Conner v Syracuse Fire Dept., supra*), and "forfeiture applies when disability and outside employment occur at the same time" (*Matter of Faliveno v City of Gloversville*, 215 AD2d 71, 74, *appeal dismissed* 87 NY2d 896, *lv dismissed* 87 NY2d 1055). Thus, petitioner is not entitled to benefits pursuant to section 207-a. (Appeal from Judgment of Supreme Court, Monroe County, Siragusa, J.—CPLR art 78.) Present—Pine, J. P., Lawton, Hayes, Callahan and Fallon, JJ.