In the Matter of JAMES E. SAWYER, Appellant, v CITY OF ONEONTA et al., Respondents. [709 NYS2d 252] —Lahtinen, J. Appeal from a judgment of the Supreme Court (Dowd, J.), entered December 2, 1999 in Otsego County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondents terminating petitioner's benefits under General Municipal Law § 207-a.

Petitioner became a paid firefighter for respondent City of Oneonta in February 1971. He suffered a back injury on the

---

job and was disabled from working from December 27, 1992 to December 31, 1992 and from January 24, 1993 to June 28, 1993, when he returned to full duty without restrictions. During these periods of disability petitioner was paid his wages and benefits pursuant to the provisions of General Municipal Law § 207-a (1). Petitioner reinjured his back in the performance of his duties on February 21, 1994 and has been disabled since. He was paid his full wages and benefits pursuant to General Municipal Law § 207-a (1) until June 28, 1996, when his application for disability retirement was approved. At the commencement of his disability retirement, petitioner requested that the City pay him the difference between his regular salary and his disability retirement benefit as required by General Municipal Law § 207-a (2). The City refused to pay the General Municipal Law § 207-a benefit claiming that petitioner had engaged in disqualifying employment (*see*, General Municipal Law § 207-a [6]) during his periods of disability in 1992 and 1993.

After an administrative hearing, it was determined that petitioner was disqualified from receiving General Municipal Law § 207-a benefits as a result of his employment in and receipt of a full salary from his family-run dry cleaning business during his December 1992 and January 1993 to June 1993 periods of disability. The Hearing Officer's recommendation that petitioner be deemed ineligible for benefits under General Municipal Law § 207-a on or after December 27, 1992 and that the City recover prior paid benefits was duly accepted by the City's Common Council.

Petitioner commenced this CPLR article 78 proceeding seeking an order directing the City to pay him General Municipal Law § 207-a (2) benefits and declaring the termination of his General Municipal Law § 207-a (1) benefits to be arbitrary and capricious, in violation of law based on errors of law and procedural and constitutional violations, and unsupported by substantial evidence. Supreme Court found the evidence before the Hearing Officer to be clear and uncontradicted, creating no substantial evidence issue, and based on this Court's holdings in *Matter of Faliveno v City of Gloversville* (215 AD2d 71, *appeal dismissed* 87 NY2d 896, *lv denied* 87 NY2d 1055) and *Matter of Faliveno v City of Gloversville* (228 AD2d 19, *lv denied* 89 NY2d 816), determined that the City's action was not arbitrary and capricious, an abuse of discretion or erroneous as a matter of law, and dismissed the petition. Petitioner now appeals.

Petitioner does not dispute that he was the sole officer and

shareholder in the dry cleaning business when he received General Municipal Law § 207-a (1) benefits during his periods of disability in 1992 and 1993, but claims that he only received sick pay benefits and was not actively working at that time. General Municipal Law former § 207-a (6), in effect at the time,[1] provided: "Any fireman receiving payments or benefits pursuant to this section, who engages in any employment other than as provided in subdivision three or five of this section shall on the commencement of such employment, forfeit his entitlement to any payments and benefits hereunder, and any such payment or benefit unlawfully received by such fireman shall be refunded to and may be recovered by the municipal corporation or fire district employing such fireman in a civil action."

In addition to his sole officer and shareholder status, the record reveals that petitioner worked in the dry cleaning business from 1965 to 1992, performing such tasks as cleaning and pressing clothing and waiting on customers, prior to his disability in 1992. During his disability periods in 1992 and 1993, while he performed no physical work at the dry cleaners, he remained its sole officer and shareholder, continued to drive a company automobile, visited with his employees and received his full salary.

We find the Hearing Officer's determination that petitioner engaged in disqualifying employment in 1992 and 1993 is amply supported by the record and concur in Supreme Court's finding that the City's action based on such finding in denying General Municipal Law § 207-a benefits was not arbitrary or capricious, an abuse of discretion or erroneous as a matter of law. Accordingly, petitioner forfeited his right to General Municipal Law § 207-a benefits for the 1992 and 1993 periods of disability since he engaged in outside employment while collecting full disability benefits from the City.

However, petitioner returned to full-duty status in June 1993, sold the dry cleaning business in August 1993[2] and suffered a new injury in February 1994 which eventually resulted in his disability retirement in 1996. Although Supreme Court and the Hearing Officer each noted factual distinctions between the instant case and this Court's holding in *Matter of*

---

1. General Municipal Law § 207-a (6) was amended by the Laws of 1998 (ch 481) to exclude, as disqualifying employment, income derived from passive involvement with certain enumerated sources.

2. Petitioner is receiving installment payments from the sale of his dry cleaning business which qualifies as income derived from passive involvement (*see*, General Municipal Law § 207-a [6], as amended by L 1998, ch 481).

*Faliveno v City of Gloversville* (228 AD2d 19, *supra*), the Hearing Officer determined that *Faliveno* required a finding that petitioner's eligibility for General Municipal Law § 207-a benefits was permanently forfeited. Supreme Court agreed that *Faliveno* was applicable to this case and found no other reason to disturb the Hearing Officer's decision.

In *Faliveno*, the disabled firefighter was determined to have engaged in outside employment during his period of disability forfeiting his General Municipal Law § 207-a benefits (*id.*, at 21). He thereafter left his disqualifying employment and reapplied for General Municipal Law § 207-a benefits during his continuing period of disability, claiming that his eligibility for General Municipal Law § 207-a benefits was restored when he left his disqualifying employment (*id.*, at 20-21). This Court rejected the argument that forfeiture of General Municipal Law § 207-a benefits applied only during the period of prohibited employment because the statute was not intended to provide a second income to disabled, retired firefighters who were capable of engaging in outside employment and did so during their uninterrupted period of disability (*id.*, at 22). However, we find that *Faliveno* does not apply to the unique facts of this record where, although petitioner was found to have engaged in disqualifying employment during a previous period of disability, he thereafter returned to full-duty status without restriction, disposed of his family business, suffered a subsequent injury which resulted in an award of disability retirement and did not engage in disqualifying employment during his subsequent period of disability. Nor does the language of General Municipal Law § 207-a or its legislative history support a lifetime ban on benefits to an injured firefighter who engaged in outside employment during one period of disability, returned to full-duty work and was reinjured, precipitating another period of disability. Accordingly, petitioner is entitled to General Municipal Law § 207-a benefits as of the date of his subsequent disability on February 21, 1994.

Cardona, P. J., Carpinello, Graffeo and Rose, JJ., concur. Ordered that the judgment is modified, on the law, with costs to petitioner, by reversing so much thereof as found petitioner ineligible for General Municipal Law § 207-a (1) benefits on and after February 21, 1994, granted respondent City of Oneonta the right to seek recovery of those benefits and denied petitioner benefits pursuant to General Municipal Law § 207-a (2) from July 29, 1996; determination annulled to that extent and petition granted to that extent; and, as so modified, affirmed.