■ In the Matter of HERBERT I. WHITE, Respondent, v COUNTY OF CORTLAND, Appellant. [728 NYS2d 193] —Mugglin, J. Appeal from a judgment of the Supreme Court (Monserrate, J.), entered October 19, 2000 in Broome County, which, inter alia, partially granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent denying petitioner benefits pursuant to General Municipal Law § 207-c.

Petitioner, who had suffered at least one previous heart attack, was hired as a full-time correction officer by respondent in 1989. He worked without incident until June 18, 1995, when he suffered a work-related heart attack which disabled him from performing his job duties until October 21, 1995. Petitioner then returned to work until June 13, 1996, when he experienced chest pains and shortness of breath. His request for medical leave was granted and he continues to be disabled and unavailable for work. Respondent denied petitioner's request for General Municipal Law § 207-c benefits for any period of time after June 1996. In doing so, respondent adopted the Hearing Officer's determination that although his condition

is work related, it is not causally related "to a substantial degree." Supreme Court determined this to be an error of law and annulled respondent's determination insofar as it denied petitioner's application for section 207-c benefits after June 13, 1996.

We affirm. General Municipal Law § 207-c is a remedial statute intended to benefit law enforcement personnel disabled by a work-related illness or injury and, as such, should be liberally construed in their favor (see, Matter of Leone v Oneida County Sheriff's Dept., 166 AD2d 74, 76, affd 80 NY2d 850). The language of the statute and precedent from this Court require only that the claimant prove disability and a causal relationship between the disability and the claimant's job duties (see, Matter of McDonough v City of Oneonta, 237 AD2d 692, lv denied 90 NY2d 803; Matter of Hamilton v City of Schenectady, 210 AD2d 843; Matter of De Poalo v County of Schenectady, 200 AD2d 277, affd 85 NY2d 527). Consequently, to the extent, if any, that Fourth Department cases (see, Matter of Dembowski v Hanna, 245 AD2d 1039, lv denied 91 NY2d 813; Matter of McNamara v City of Syracuse, 60 AD2d 753; Matter of Geremski v Department of Fire, 72 Misc 2d 166, affd 42 AD2d 1050, lv denied 33 NY2d 521) and an opinion of the Comptroller (see, 1992 Opns St Comp No. 92-15) can be read to require proof of work-related causality to a substantial degree, we decline to follow them. Moreover, this is a matter of pure statutory construction, rather than a matter which implicates the expertise of the Comptroller, and his interpretation, therefore, is not accorded judicial deference (see, Matter of Overton v Town of Southampton, 273 AD2d 242, lv denied 95 NY2d 764; Matter of Judd v Constantine, 153 AD2d 270).

Cardona, P. J., Mercure, Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed, with costs.