■ In the Matter of JAMES WILLIAMSON, Petitioner, v CITY OF TROY, Respondent. [726 NYS2d 178] —Cardona, P. J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Rensselaer County) to review a determination of respondent which terminated petitioner's disability benefits payable under General Municipal Law § 207-a.

In 1985, petitioner, while employed as a firefighter in respondent's fire department, filed a certificate of doing business in the name of "Jim Williamson's Used Cars" for the purpose of engaging in the secondary employment of buying, selling and repairing used cars. In December 1990, as a result of back injuries, petitioner was granted a disability pension by the Comptroller and, thereafter, retired from his municipal employment. Pursuant to General Municipal Law § 207-a (2), respondent began paying the difference between petitioner's retirement pension and his final average salary. In 1998, respondent learned that petitioner, who maintained his used automobile dealer's license, had continued as the owner of a

retail automobile business and, therefore, determined that he was engaged in "employment" in violation of General Municipal Law § 207-a (6). As a consequence, a hearing was conducted resulting in the Hearing Officer rejecting petitioner's contention that his used car activities constituted a hobby. The Hearing Officer found that petitioner was not entitled to payments and benefits under General Municipal Law § 207-a because he engaged in prohibited employment (see, General Municipal Law § 207-a [6]). Thereafter, petitioner commenced this CPLR article 78 proceeding disputing that determination.

We confirm. There is substantial evidence in the record to support the Hearing Officer's determination that petitioner was engaged in self-employment as a car dealer in violation of General Municipal Law § 207-a (6) (see, Matter of Giorgio v Bucci, 267 AD2d 924, 925; see also, Matter of Sawyer v City of Oneonta, 273 AD2d 685; Matter of Faliveno v City of Gloversville, 228 AD2d 19, lv denied 89 NY2d 816). Notably, the hearing evidence established that petitioner is registered with the Department of Motor Vehicles as a car dealer, has a sign on his garage advertising same with his business hours, has maintained cars without license plates on his property for the purpose of sale (see generally, Vehicle and Traffic Law § 415 [1] [a]), has sold cars subsequent to his receipt of disability benefits and filed profit and loss statements for this business with his tax returns from 1994 to 1998. On the forms, he indicated that he "materially participate[d]" in the business which he now claims to be "inactive." Furthermore, in 1995 or 1996, after petitioner applied to renew his dealer license and was denied, he contacted a local official for assistance in getting it renewed. In addition, Patrick Anastasi, a private investigator hired by respondent, testified that petitioner told him that he was in the business of selling cars.

Although petitioner disputes Anastasi's statement and the credibility determinations made herein as to the extent of his participation in the business, the resolution of this conflict was for the Hearing Officer to resolve (see, Matter of Giorgio v Bucci, supra). In determining whether substantial evidence exists, even though there may be evidence to support a contrary conclusion, it is not this Court's function to weigh conflicting evidence or to substitute its judgment where the record may support an opposite result (see, Matter of Spencer v New York State & Local Employees' Retirement Sys., 220 AD2d 792, 795). Thus, we find no reason to disturb the determination that petitioner was not entitled to benefits under General Municipal Law § 207-a.

Petitioner's remaining arguments have been examined and found to be unpersuasive.

Crew III, Spain, Mugglin and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.