■ In the Matter of ROBERT J. HEISLER, Respondent-Appellant, v CITY OF BUFFALO et al., Appellants-Respondents. [782 NYS2d 489]—

Appeal and cross appeal from a judgment of the Supreme Court, Erie County (Herbert R. Johnston, Jr., J.H.O.), entered July 30, 2003 in a proceeding pursuant to CPLR article 78. The judgment found petitioner to be permanently disabled, granted petitioner's request for current and retroactive disability benefits, and denied petitioner's application for an order holding respondents in contempt and for counsel fees.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Respondents appeal from a judgment finding petitioner to be permanently disabled and not fit to perform either full or light duty for respondent Fire Department of the City of Buffalo and granting petitioner's request for current and retroactive disability benefits pursuant to General Municipal Law § 207-a. Petitioner cross-appeals from that part of the judgment that denied his application for an order holding respondents in contempt and for counsel fees. Respondents' contention that a 1994 arbitration award, finding that petitioner was capable of performing light duty, should have precluded the

Judicial Hearing Officer (JHO) in the instant case from considering that issue again is without merit. Following the 1994 arbitration award, respondents ordered petitioner to report for light duty in June 1994 and November 1994, but petitioner failed to appear. Instead of discontinuing the payment of benefits to petitioner in accordance with section 207-a (3), respondents elected to order that petitioner be examined by a psychiatrist of their choosing; that psychiatrist concluded that petitioner was "not psychiatrically capable of performing light duty."

Respondents consequently paid petitioner section 207-a benefits from 1995 through May 2000, when petitioner appeared as ordered by respondents for an examination by a psychologist to evaluate petitioner's medical status. Upon receiving a report that petitioner could perform light duty, respondents ordered petitioner to appear for light duty. Petitioner responded by letter of his attorney, which stated that petitioner remained unable to perform light duty work, submitted medical reports, and requested a due process hearing. Ultimately, respondents terminated petitioner from employment pursuant to a procedure in the parties' collective bargaining agreement. Petitioner then commenced this CPLR article 78 proceeding, which was referred to a JHO. We conclude that the JHO's determination that petitioner is permanently disabled and not fit to perform either full or light duty for respondents is supported by substantial evidence (*see Matter of Giorgio v Bucci*, 267 AD2d 924, 925 [1999]; *Matter of Curtis v Hiller*, 242 AD2d 950 [1997], *appeal dismissed and lv denied* 91 NY2d 883 [1998]; *cf. Dembowski v Hanna*, 245 AD2d 1039 [1997], *lv denied* 91 NY2d 813 [1998]; *see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 179-180 [1978]).

We reject the contention of respondents that they justly terminated petitioner's employment pursuant to a procedure in the parties' collective bargaining agreement. Petitioner's section 207-a payments could not be discontinued except in accordance with that statute, including the due process hearing to which petitioner was entitled (*see Matter of Uniform Firefighters of Cohoes, Local 2562, IAFF, AFL-CIO v City of Cohoes*, 94 NY2d 686, 693-694 [2000]; *Matter of Heck v Keane*, 6 AD3d 95, 100 [2004]).

Finally, we conclude that the JHO did not abuse his discretion in denying petitioner's application for an order holding respondents in contempt (*see generally Vogt v Witmeyer*, 212 AD2d 1013, 1014 [1995], *affd* 87 NY2d 998 [1996]; *Matter of MacKnight v Sutton*, 198 AD2d 853, 854 [1993], *lv dismissed* 84

NY2d 988 [1994]). We have examined petitioner's remaining contention and conclude that it is lacking in merit. Present—Pigott, Jr., P.J., Hurlbutt, Gorski and Lawton, JJ.