■ In the Matter of GERARD V. BATTI et al., Appellants, v TOWN OF AUSTERLITZ et al., Respondents. [896 NYS2d 513]—

McCarthy, J. Appeal from a judgment of the Supreme Court (Hummel, J.), entered April 24, 2009 in Columbia County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Town Board of the Town of Austerlitz imposing a special assessment against petitioner Phyllis M. Batti's real property.

At the urging of petitioner Gerard V. Batti and other affected property owners, respondent Town Board of the Town of Austerlitz formally accepted two roadways in the Bryarcliffe Estates subdivision in the Town of Austerlitz, Columbia County, after the developer abandoned the project and dissolved (*see* Town Law § 279 [4]). The Board, on its own motion, adopted a resolution authorizing improvements to the roads (*see* Town Law § 200 [1]) and assessed the improvements against the benefited properties, including property owned by petitioner Phyllis M. Batti, Gerard Batti's wife (*see* Town Law § 202 [2]). Petitioners commenced this CPLR article 78 proceeding objecting to the assessment against the Batti property on two grounds:

first, that Phyllis Batti's property cannot be deemed to benefit from the roadway improvements because she would not have been entitled to participate fully in a permissive referendum on the resolution approving the improvements and, second, that the assessment was arbitrary and capricious because similarly situated properties were not included in the assessment. Supreme Court dismissed the petition. We affirm.

Special assessments enjoy a "presumption of validity . . . requiring petitioners to show by affirmative proof that they have not benefited from the improvement or that it is nonassessable in the first instance" (*Matter of Nolan v Bureau of Assessors of N.Y. City Fin. Admin.*, 31 NY2d 90, 93 [1972]). Phyllis Batti owns property adjacent to the subdivision and an appurtenant right-of-way for ingress and egress over all of the subdivision roads—those ceded to respondent Town of Austerlitz as well as a private road in the subdivision not ceded to the Town that connects her property with the other subdivision roads.* Although the Batti property does not directly front or abut either of the subdivision roads whose improvements gave rise to the assessment, petitioners actually use the improved roadway as their sole means of ingress and egress.

The Town Law grants only the owners of land "fronting or abutting" upon a street the right to formally petition for street improvements (Town Law § 200 [1]). However, where—as here—a town board, on its own motion, adopts a resolution to make street improvements, such resolution is subject to a permissive referendum initiated by fronting or abutting property owners and approved by "the owners of real property situate in the proposed benefited area described in the resolution" (Town Law § 200 [10]). Accordingly, nonabutting owners such as Phyllis Batti are afforded a role in deciding whether to undertake a proposed improvement when the referendum process is utilized. After a town resolves to make street improvements, the related costs of such improvements are then assessed upon the landowners whose parcels the town board determines are "especially benefited by the improvement" (Town Law § 202 [2]).

While the Comptroller "has consistently expressed the opinion that only abutting and fronting owners may be deemed benefited by an improvement undertaken pursuant to [Town Law § ] 200" (1994 Ops St Comp No. 94-27; *see* 1982 Ops St Comp No. 82-114; 1981 Ops St Comp No. 81-353; 1981 Ops St

---

* The Batti property, including the right-of-way, was originally conveyed from the developer to the Battis jointly, and ultimately to Phyllis Batti individually.

Comp No. 81-270), this is a matter of pure statutory construction, not implicating the Comptroller's expertise, such that his interpretation is not entitled to judicial deference (*see Matter of White v County of Cortland*, 283 AD2d 826, 827 [2001], *affd* 97 NY2d 336 [2002]). In fact, we do not agree with that statutory interpretation, which the Comptroller has stated is based upon his understanding of the legislative intent rather than the plain language of the statute (*see* 1994 Ops St Comp No. 94-27). Town Law § 200 deals with the right of abutting property owners to petition for an improvement, making no reference whatsoever to how the funds to pay for such improvements will be collected. Town Law § 202, by contrast, deals with how the revenue for such improvements will be obtained, namely from those "several lots and parcels of lands which the town board shall determine and specify to be especially benefited by the improvement" (Town Law § 202 [2]). The statute does not require the town board to impose an assessment for improvement only against the owners of land abutting and fronting the street. Had that been the Legislature's desire, it could have specifically used the words "fronting or abutting" in Town Law § 202 (2) as it did in Town Law § 200 (1). Instead, the Legislature left it within the town board's discretion to determine which parcels of land it deems "especially benefited by the improvement" under the unique circumstances of each case, and permits the expense of the improvement to be assessed against those lots. Hence, the Board here exercised its discretion in compliance with the statutes when it imposed an assessment against Phyllis Batti for the improvement at issue.

Petitioners were afforded an opportunity to be heard at a public hearing concerning the improvements (*see* Town Law § 200 [7]; *see also* Town Law § 200 [9]), and Gerard Batti spoke on the topic at the hearing and several Board meetings. While petitioners may not have been entitled to petition for improvements (*see* Town Law § 200 [1]), or for a permissive referendum if the Town Board acted on its own motion, Phyllis Batti would have been entitled to vote on such a proposition had a referendum been initiated (*see* Town Law § 200 [10] [requiring approval in referendum by "affirmative vote of a majority of the owners of real property situate in the proposed benefited area"]). Her inability to participate in every aspect of the petition and referendum process does not defeat the Board's rational determination that her property is especially benefited by the improvement.

Equally unavailing is petitioners' argument that similarly situated properties were not included in the assessment. The Batti

property was included on the assessment roll based on petitioners' actual use of the subdivision roads as their sole means of ingress and egress. Petitioners failed to demonstrate by affirmative proof that properties similarly situated were excluded from the assessment.

Spain, J.P., Rose, Malone Jr. and Kavanagh, JJ., concur. Ordered that the judgment is affirmed, without costs.