*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 3, 2015                    520489
_____

In the Matter of STEVEN RUBEOR,
                    Respondent,

        v                                        MEMORANDUM AND ORDER

TOWN OF WRIGHT et al.,
                    Appellants.
_____

Calendar Date:  October 21, 2015

Before:  Lahtinen, J.P., McCarthy, Egan Jr. and Lynch, JJ.

_____

        Lemire, Johnson & Higgins, LLC, Malta (Bradley J. Stevens of counsel), for appellants.

        Gleason, Dunn, Walsh & O'Shea, Albany (Daniel A. Jacobs of counsel), for respondent.

_____

Lynch, J.

        Appeal from a judgment of the Supreme Court (Connolly, J.), entered October 10, 2014 in Schoharie County, which partially granted petitioner's application, in a combined proceeding pursuant to CPLR article 78 and action pursuant to 42 USC § 1983, to annul a determination of respondent Town Board of the Town of Wright to remove petitioner from the office of Assessor of the Town of Wright.

        In September 2008, petitioner was appointed to fill the unexpired term of his predecessor as Assessor of respondent Town of Wright (hereinafter the Town), the Town of Esperance and the Town of Schoharie, each town having entered into a municipal cooperative agreement establishing a coordinated assessment program (hereinafter CAP).  Under a CAP, "a single assessor [is]

appointed to hold the office of assessor in all the participating assessing units" (RPTL 579 [2] [b]). In December 2012, prior to the expiration of petitioner's term, respondent Town Board of the Town of Wright (hereinafter the Board) resolved to withdraw from the CAP and appointed respondent Susan Crosby as the Town's interim Assessor. Petitioner then commenced this combined CPLR article 78 proceeding and action pursuant to 42 USC § 1983, asserting that respondents improperly removed him from office, depriving him of a vested property right.[1] Supreme Court granted the petition to the extent of annulling the Board's determination to remove petitioner as the Assessor of the Town, concluding that he was entitled to complete the term, which ended on September 30, 2013.[2] Respondents appeal.

We affirm. This dispute raises an issue of first impression as to whether a town's withdrawal from a CAP truncates an assessor's term of office (see RPTL 579 [3] [a]; [4] [b]). There is no dispute here that the Town is required to appoint an assessor, whose term of office shall be six years (see RPTL 310 [1], [2]), and that an assessor is a public officer who ordinarily may only be removed from office for cause under Public Officers Law § 36. The question presented is whether a CAP changes this structure. The governing statute, RPTL 579, seemingly has conflicting provisions. Specifically, the statute provides that an assessor's term shall be as defined in RPTL 310, i.e., six years (see RPTL 579 [3] [a]). However, the statute further provides that a member may withdraw from a CAP at any time, provided that it does so at least 45 days before the next

_____

[1] After respondents removed the case to federal court, the United States District Court for the Northern District of New York abstained from exercising jurisdiction pending the resolution of the underlying statutory dispute in state court, while staying petitioner's claims pursuant to 42 USC § 1983.

[2] Since petitioner's term had already ended, Supreme Court declined to reinstate petitioner to his position as Town Assessor. Given that petitioner did not appeal from the determination and expressly seeks to affirm the judgment in his brief, we do not address the corrollary issue of back pay.

taxable status date (see RPTL 579 [4] [b]).  The only defined
statutory consequence of withdrawal is that "the agreement
between or among the remaining participants shall be deemed
amended to remove any references to the assessing unit that has
withdrawn" (RPTL 579 [4] [b]).  The statute is otherwise silent
as to what happens to an assessor's term when, as here, a CAP
member opts to withdraw prior to the expiration of the term.

        In construing a statute, our primary objective is to
determine the Legislature's intention, giving due effect to the
plain meaning of unambiguous statutory language (see Matter of
Albany Law School v New York State Off. of Mental Retardation &
Dev. Disabilities, 19 NY3d 106, 120 [2012]).  Where, as here, we
having competing provisions, it is instructive to keep in mind
that "a statute must be construed as a whole and that its various
sections must be considered with reference to one another" (id.),
while recognizing that "a statutory construction which renders
one part meaningless should be avoided" (Rocovich v Consolidated
Edison Co., 78 NY2d 509, 515 [1991]).  With these principles in
mind, we find it telling that RPTL 579 was amended in 2009 to,
among other things, clarify that an assessor appointed in a CAP
receives a six-year term and to shorten the notice period for a
member to withdraw (see L 2009, ch 46, §§ 1-3 [eff May 29,
2009]).  The adoption of these companion provisions leads us to
conclude that the Legislature intended an assessor's six-year
term to remain intact, even where a CAP member opts to withdraw.
Insofar as the assessor is concerned, the effect of withdrawal is
merely delayed until the assessor's term expires, at which time
the assessing unit is free to choose a new assessor, without
approval from any other assessing unit.  We are mindful that the
Department of Taxation and Finance held, in an opinion of counsel
issued in 1997, that the adoption of a CAP "may truncate the term
of office of an incumbent appointed assessor," but that is not
the situation presented here.  Nor is that letter opinion
binding, particularly in view of the 2009 amendment to RPTL 579
(see Matter of Batti v Town of Austerlitz, 71 AD3d 1260, 1261-
1262 [2010]).

        We conclude that petitioner's term of office did not end
when the Town withdrew from the CAP and that petitioner held a
right to continued employment until the expiration of his term.

Lahtinen, J.P., McCarthy and Egan Jr., JJ., concur.


ORDERED that the judgment is affirmed, with costs.




ENTER:

Robert D. Mayberger
Clerk of the Court