OPINION OF THE COURT
Debra A. James, J.
By show cause order dated January 25, 2017, petitioner commenced this proceeding, which the court, having deliberated, has determined is one pursuant to Election Law § 16-108.
Election Law § 16-108 (1) states in pertinent part:
“1. The supreme court, by a justice thereof within the judicial district . . . in a proceeding instituted by any voter to whom registration has been unlawfully refused, shall compel, by order, the registration of such voter, and, in a proceeding instituted by any voter duly qualified to vote in this state, or by the state board of elections, shall, by order, direct the cancellation of the registration of any person who shall unlawfully be registered, and shall order the board of elections or other official charged with the conduct of registration to carry out such order.”
Petitioner Richard Dietl, also known as “Bo” Dietl, moved his residence to the City of New York, County of New York, from Albertson, County of Nassau, in and around August 2016.
According to his petition, petitioner announced to various news media that he intended to move from Nassau County, where he was enrolled in the Republican party, to New York City and register and enroll in the Democratic party.
The following allegations of the petition are not in dispute.
1. On August 24, 2016, petitioner signed a voter registration form, which on August 25, 2016, he filed with respondent Board of Elections in the City of New York. The voter registration form contains a statement, which is mandated by the Election Law, that “I do not wish to enroll in a political party,” which is followed by a box for checking off “No Party.” Petitioner placed no mark in that box, i.e., he kept it blank.
2. The form also contains the statement “I wish to enroll in a political party,” and petitioner checked the box marked “Democratic party.” However, petitioner also checked the box “Independence party.” To the left of those statements are instructions that state:
“Political party
‘You must make 1 selection
*850 “Political party affiliation is optional but that, in order to vote in a primary election of a political party, a voter must enroll in that political party, unless state party rules allow otherwise.”
3. On his voter registration form, petitioner also completed the part of the registration form captioned “Voting information that has changed Skip if this has not changed or you have not voted before” by filling in the address of his former residence in Nassau County.
In his petition, petitioner alleges that in late November 2016, he learned that the Board recorded petitioner as a registered voter but deemed his enrollment in a political party “blank,” i.e., not enrolled in any political party. Petitioner also alleges that his representative contacted the Board, who was told that the enrollment on his registration could be corrected by his filing of an “Affidavit and Application to the Board of Elections for Correction of Enrollment,” and the Board provided petitioner with the form to be used.
Petitioner completed the affidavit and application, which he filed with the Board on December 27, 2016. He attached to such affidavit, an article dated August 25, and one dated August 26, 2016, in the New York Post and New York Daily News, respectively, which reported petitioner’s statements that he had enrolled in the Democratic party.
On January 6, 2017, the Board issued a letter to petitioner denying his application to correct his enrollment in a political party (denial).
Such denial stated in pertinent part:
“The last sentence of Section 5-306 (2) of the Election Law provides clear guidance to all Boards of Election. It states Tf the records of any board of elections within the state show the applicant to have been enrolled during such five year period in any party other than the one with which he requests to be enrolled, or have been registered but not enrolled, the application for correction of enrollment shall be denied.’ ”
The Board reasoned that, assuming arguendo that petitioner had furnished “a certified transcript of his enrollment from the other County(s) Boards of Elections, with the necessary identifying information,” as required in such section 5-306 (2), which he had not, as petitioner, in any event, had stated in his affidavit that as a resident of Nassau County, he was enrolled *851 in the Republican party for the prior five years, “correction” of his enrollment was not permitted.
Petitioner now seeks an order of this court compelling the Board to register him as enrolled in the Democratic party, or alternatively as enrolled in the Republican party. Petitioner argues that in denying his application to correct his enrollment from “blank” to enrolled in the Republican party, the Board violated the clear mandate of Election Law § 5-302 (3). Section 5-302 provides that when a voter checks more than one party box, but sets forth the address of his prior registration in that registration form, the enrollment in the party listed in that prior registration should be entered as his enrollment. He argues that with the advent of a statewide voter registration database, the exception set forth in Election Law § 5-302 (3) should not be construed to apply to prior registrations only within the City of New York, or the same county.
With respect to his alternative plea that the court compel the Board to enter his voter registration as enrolled in the Democratic party, petitioner urges the court to consider his clear intention to enroll in the Democratic party, which he manifested via his contemporaneous public statements, and that his was a “simple mistake” in filling out the registration form that should be excused, as among the bases to grant such relief.
The Board opposes the petition, asserting that in accordance with Election Law § 5-210 (9), within 21 days of the receipt of petitioner’s new voter registration application, the Board processed such application and sent the required notice of approval to petitioner at his New York City residence address. According to the Board, in accordance with the statutory mandate, the notice advised the petitioner “to notify the board of elections if there is any inaccuracy” (id.). The Board contends that petitioner never informed the Board of any inaccuracy until approximately 17 weeks after he filed his registration form, i.e., four months after the Board purports to have notified him of his “blank” enrollment. The Board argues that applying the various provisions of the Election Law that govern the factual allegations and documentary evidence that is not refuted, it properly registered petitioner as not enrolled in a political party in the first instance, and lawfully denied his application for a correction of such enrollment, which mandates dismissal of the petition at bar.
*852 Discussion
In accordance with Election Law § 5-302 (3), as petitioner stated under oath in the registration form filed with the Board that he was previously registered in Nassau County, the Board processed him as a “new voter” within New York City.
With respect to the registration application form for a “new voter” within New York City, Election Law § 5-302 (3) states,
“If marks are found in more than one of the boxes or circles or if no marks are found in any of the boxes or circles of any application form, the voter who used the application form shall be deemed not to be enrolled, and the words blank or void shall be entered in the space reserved on his registration poll record for the name of a political party or in the computer files from which the computer generated registration lists are prepared. However if such application form sets forth the address of prior registration and such prior registration had not been previously cancelled, the party enrollment, if any, which is part of such prior registration shall be entered in such space on such registration poll record or in such computer files.”
Election Law § 5-208 (1) specifically provides that “[t]he board of elections shall transfer the registration and enrollment of any voter for whom it receives a notice of change of address to another address in the same county or city” (emphasis added). Section 5-208 (8) states,
“If the board of elections receives notice of a change of address within such city or county from, or with respect to, a person who it determines is not registered in such county or city, it shall forthwith send such person a notice to that effect in a form approved by the state board of elections at the new address set forth in such notice of change of address, together with a voter registration form.”
Among the cardinal principles of statutory construction are that “ ‘a statute must be construed as a whole and that its various sections must be considered with reference to one another,’ ” while recognizing that a “ ‘statutory construction which renders one part meaningless should be avoided.’ ” (Matter of Rubeor v Town of Wright, 134 AD3d 1211, 1212-1213 [3d Dept 2015] [citations omitted].) This court concurs with the Board, that read with Election Law § 5-614 (4), which provides that “[a]dding, changing, canceling or removing voter registration records shall be conducted only by local boards of elections as *853 provided by this chapter” (emphasis added), the foregoing provisions establish that, notwithstanding the establishment of a statewide voter registration database, the eligibility to register to vote remains the determination of the appropriate county or city board of elections. Thus, under the applicable statutory provisions, the Board has no mandate to enroll petitioner in the Republican party based on a “change of address within the same county or city,” as petitioner, conceding at all times that his prior enrollment in the Republican party was within Nassau County, did not change the address of his registration within any county or the City of New York.
The Board is also correct that the exception set forth in Election Law § 5-302 (3), upon which petitioner relies, must be considered with section 5-614 (4) above, and construed so as not to render section 5-614 (4) meaningless. Thus, when under section 5-302 (3) an applicant marks more than one box with respect to party enrollment, as petitioner did here, the Board is mandated, based on the address of the prior registration, to enter the party enrollment listed therein, only where such address is within one of the five boroughs of the City of New York. As petitioner did not list his prior address as within the City of New York, no relief is warranted under such exception.
Finally, petitioner cites absolutely no support for correcting his registration to enroll him in the Democratic party. The Board correctly applied section 5-306 of the Election Law to deny petitioner’s request to correct his enrollment, as petitioner did not meet the requirements under such section because he affirmed that for the prior five years he was registered in Nassau County and enrolled in the Republican party and not the Democratic party, and in addition, never provided a certified transcript of his previous party enrollment.
Finally, the court agrees with the Board that the Election Law provisions at bar do not set an irrational trap for the unwary. Rather, as posited by the Board, such statutes are “designed to protect the integrity of the political parties” and to “prevent political parties” from “party raiding” or distortion “for the sole purpose of gaining a perceived political advantage, such as being able to run in a specific political party’s primary election for office.” The Board is likewise correct in citing the United States Supreme Court and the New York State Court of Appeals decisions that upheld as constitutional New York State’s system of “closed primaries.” (See Rosario v Rockefeller, 410 US 752 [1973]; Matter of Fotopoulos v Board of Elections of City of N.Y., 45 NY2d 807 [1978].)
*854 Petitioner has not registered to enroll in the Democratic or Republican party in time to participate in the upcoming mayoral political party primaries, since he missed the delayed-enrollment deadline set forth in Election Law § 5-304 (3) that required him to do so no later than the 25th day before the preceding general election on November 8, 2016, which was approximately on or before October 14, 2016. Though this court has no power to direct his retroactive party enrollment, petitioner “may . . . initiate a change in his enrollment prospectively.” (See Matter of Lombardi v Power, 39 Misc 2d 615, 616 [Sup Ct, NY County 1963].)
Accordingly, it is hereby ordered that the petition is denied; and the proceeding is dismissed, and the Clerk is directed to enter judgment as aforesaid.